# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs May 26, 2011

## RICKY LYNN HILL v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Chester County**
**No. 10CV13      Roy B. Morgan, Jr., Judge**

**No. W2010-02629-COA-R3-CV - Filed June 8, 2011**

The trial court dismissed this action, *inter alia*, for lack of subject matter jurisdiction. We dismiss this appeal for Appellant's failure to timely file the notice of appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID R. FARMER, J., HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J.

Ricky Lynn Hill, Tiptonville, Tennessee, appellant, *pro se.*

Jerry P. Spore and Teresa A. Luna, Jackson, Tennessee, for the appellees, The City of Henderson, Tennessee and Ronnie Faulkner.

## MEMORANDUM OPINION[1]

On February 11, 2010, Appellant Ricky Lynn Hill filed an action to recover personal property in the Chester County General Session Court against Defendants Ronnie Faulkner and the City of Henderson. Appellant claimed that his 1994 Chevy Silverado was improperly seized by the police department of the City of Henderson and that he had a right to recover the truck. Moreover, Mr. Hill asserted that he had not been informed of any subsequent forfeiture hearing. The General Sessions Court dismissed the warrant on April 12, 2010, based on failure to file within the applicable statute of limitations. Mr. Hill timely filed a

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

notice of appeal to the Chester County Circuit Court on April 21, 2010. At the time that Mr. Hill filed the notice of appeal to the circuit court, he was incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee.

In the Chester County Circuit Court, the State of Tennessee[2] then filed a motion to dismiss the action for lack of subject matter jurisdiction, insufficient service of process and lack of venue. Defendants City of Henderson, Tennessee and Ronnie Faulkner also filed a motion to dismiss the action for lack of subject matter jurisdiction, as well as improper venue. The trial court granted the motion to dismiss filed by the State of Tennessee by order entered on September 9, 2010, and also granted the motion to dismiss filed on behalf of City of Henderson, Tennessee and Ronnie Faulkner by order entered on September 14, 2010. Subsequently, Mr. Hill filed a pleading styled "Motion to Transfer Cost" which was denied by the trial court's order entered of October 13, 2010. The notice of appeal, however, was not filed until December 14, 2010.

The appellate record, however, contains undated correspondence from Appellant filed in the trial court on December 6, 2010, which first indicated that Appellant had previously sent a notice of appeal to the trial court clerk and then inquired as to the status of the appeal. The record also contains a response from the trial court clerk dated December 6, 2010, stating that the clerk could not ascertain that his office had ever received a notice of appeal and instructing Appellant to submit a notice of appeal if he wished to proceed with an appeal. As stated above, Appellant's notice of appeal was then filed on December 14, 2010. Curiously, the record also contains an exact duplicate of the September 14, 2010 order styled "Order Granting the Motion to Dismiss Filed by Defendants City of Henderson and Ronnie Faulkner" that is stamped "filed" by the trial court clerk as of December 14, 2010, but does not appear to have been amended in any manner.

Rule 4 of the Tennessee Rules of Appellate Procedure provides, among other thing, that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from. . . ." T.R.A.P. 4(a). Certainly, the date that Appellant's notice of appeal was filed (December 14, 2010) is more than thirty days past the date that the trial court entered the "Order Granting the Motion to Dismiss Filed by Defendants City of Henderson and Ronnie Faulkner" (September 14, 2010) and more than thirty days past the date that the trial court entered its order denying the "Motion to Transfer Cost" (October 13, 2010).

By Order of this Court, we directed Appellant to show cause why the appeal should

---

[2] The Attorney General indicated in the memorandum in support of the motion to dismiss filed on behalf of the State that "the style of this case has evolved over time, at various points naming the City of Henderson, Ronnie Faulkner, a police officer employed by the City and the State of Tennessee."

not be dismissed for failure to timely file the appeal. Appellant responded to our Order and both parties subsequently filed their briefs. Appellant asserts that he could not control the mail or the timely filing of the notice of appeal due to his incarceration. Rule 20(g) of the Tennessee Rules of Appellate Procedure provides:

> If papers required or permitted to be filed pursuant to the rules of appellate procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing. This provision shall also apply to service of papers by such litigants pursuant to the rules of appellate procedure. "Correctional facility" shall include a prison, jail, county workhouse or similar institution in which the pro se litigant is incarcerated. **Should timeliness of filing or service become an issue, the burden is on the pro se litigant to establish compliance with this provision.**

T.R.A.P. 20(g)(emphasis added). In the instant case, Appellant has not demonstrated to the Court that he timely delivered the notice of appeal to the appropriate individual at his correctional facility within the time fixed for filing pursuant to Rule 4(a) of the Tennessee Rules of Appellate Procedure. Moreover, the Court is of the considered opinion that the trial court clerk's action of merely re-filing the order appealed on a later date does not affect the time limitations of Rule 4.

The thirty-day time limit for filing a notice of appeal set forth in Rule 4 of the Tennessee Rules of Appellate Procedure is mandatory and jurisdictional in civil matters. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). The Tennessee Rules of Appellate Procedure expressly prohibit this Court from either waiving or extending that time period. *See* T.R.A.P. 2 and 21(b). Thus, the failure to timely file a notice of appeal deprives this court of jurisdiction to hear the matter and therefore, this appeal must be dismissed.

For the foregoing reasons, we dismiss this appeal for failure to timely file the notice of appeal. Costs of this appeal are taxed to appellant, Ricky Lynn Hill, for which execution may issue if necessary.

**PER CURIAM**