# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned February 23, 2012

# SHAWN HARRIS v. TENNESSEE DEPARTMENT OF CORRECTION
## ET AL.

**Appeal from the Chancery Court for Hickman County**
**No. 11-CV-4454     Timothy Easter, Judge**

---

**No. M2012-00086-COA-R3-CV - Filed February 23, 2012**

---

This is an appeal from a final judgment dismissing an inmate's petition for writ of certiorari. Because the inmate did not file his notice of appeal with the trial court clerk within the time permitted by Tenn. R. App. P. 4, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., J., ANDY D. BENNETT, J., AND RICHARD H. DINKINS, J.

Shawn Harris, Only, Tennessee, Pro Se.

Arthur Crownover, Office of the Attorney General, for the appellee, Tennessee Department of Correction.

## MEMORANDUM OPINION[1]

On February 2, 2011, Shawn Harris, an inmate at the Turney Center Industrial Complex, filed a petition for writ of certiorari in the Chancery Court for Davidson, challenging a prison disciplinary decision. On May 20, 2011, the Chancery Court for Davidson County transferred the case to the Chancery Court for Hickman County. The

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Chancery Court for Hickman County dismissed the petition on November 10, 2011. Mr. Harris filed his notice of appeal with the trial court clerk on December 20, 2011.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the order appealed. Mr. Harris did not file his notice of appeal until forty (40) days after entry of the final judgment. Because Mr. Harris is an inmate in a correctional facility, his notice of appeal would be considered timely if it was delivered to the appropriate individual at the correctional facility within the thirty (30) day period. Tenn. R. App. P. 4 and 20(g). However, the certificate of service states on its face that the notice was not mailed until December 19, 2011, well beyond the thirty-day time period. Indeed Mr. Harris himself recognized his notice of appeal was untimely in that he filed a motion in the trial court requesting re-entry of the judgment pursuant to Tenn. R. Civ. P. 60 so that he could file a timely notice of appeal. The trial court denied the appellant's motion for re-entry of the judgment on February 13, 2012.

The thirty-day time limit for filing a notice of appeal with the trial court clerk is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal with the trial court clerk deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The costs are taxed to Shawn Harris for which execution, if necessary, may issue.

PER CURIAM