# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned June 26, 2012

## MARY A. PRICE v. DSI CENTERS FOR DIALYZING EXCELLENCE ET AL.

### Appeal from the Circuit Court for Davidson County
### No. 11C3150    Barbara Haynes, Judge

---

### No. M2012-01095-COA-R3-CV - Filed June 27, 2012

---

The appellant has appealed from a final judgment entered on December 28, 2012.  Because the appellant did not file her notice of appeal with the trial court clerk within the time permitted by Tenn. R. App. P. 4(a), we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

PATRICIA J. COTTRELL, P.J., M.S., ANDY D. BENNETT and RICHARD H. DINKINS, JJ.

Mary A. Price, Baton Rouge, Louisiana, Pro Se.

Stephen W. Elliott and Thomas M. Pinckney, Nashville, Tennessee, for the appellee, DSI Centers for Dialyzing Excellence and Northwest Dialysis Center.

### MEMORANDUM OPINION[1]

On May 16, 2012, Mary A. Price filed with the trial court clerk a notice of appeal from a final judgment entered on December 28, 2012.  Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the order appealed.  Ms. Price filed her notice of appeal more than four months after entry

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

of the trial court's judgment.  Consequently, on June 4, 2012, this court ordered Ms. Price to show cause why her appeal should not be dismissed for failure to file a timely notice of appeal.

Ms. Price has not responded to the show cause order.  In prior correspondence, however, Ms. Price has asserted that her failure to meet the deadline is a result of delayed receipt of a notice from the clerk of this court.  Ms. Price first tendered her notice of appeal and several other documents to the clerk of this court on February 8, 2012.  On March 7, 2012, the clerk returned the documents to the appellant because no appeal was pending.  Ms. Price contends she did not receive the clerk's notice that the documents were being returned until May 5, 2012.

Tenn. R. App. P. 4 clearly requires that the notice of appeal be filed with and received by the clerk of the trial court, not the clerk of this court.  The filing of a notice of appeal with the clerk of this court is a nullity.  Moreover, the notice of appeal was not even timely tendered to the clerk of this court.  Any delay in receipt of the clerk's March 7, 2012 notice was of no consequence because the thirty days time period had already expired.

The reason for the late filing is, in any event, irrelevant.  The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003).  This court can neither waive nor extend the time period.  Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985).  The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.  Accordingly, the appeal must be dismissed.

The appeal is hereby dismissed for failure to file a timely notice of appeal.  The costs are taxed to Mary A. Price for which execution, if necessary, may issue.

PER CURIAM