IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on November 13, 2012

LISA SMITH C/O RODTERRIUS M. TINNEL (DECEASED) ET AL. v.
HFH, INC. D/B/A DHL AND PACIFIC EMPLOYERS INSURANCE
COMPANY ET AL.

Appeal from the Circuit Court for Davidson County
No. 11C1689      Hamilton V. Gayden, Jr., Judge

No. M2012-02198-COA-R3-CV - Filed November 14, 2012

This is an appeal from an order denying a motion to set aside an order of dismissal for failure to state a claim. Because the appellant did not file her notice of appeal with the trial court clerk within the time permitted by Tenn. R. App. P. 4, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., J., ANDY D. BENNETT, J., RICHARD H. DINKINS, J.

Lisa Smith, Spring Hill, Tennessee, Pro Se.

John Edward Quinn, Nashville, Tennessee, for the appellee, HFH, Inc. d/b/a DHL and Pacific Employers Insurance Company.

Terry Renease Clayton, Nashville, Tennessee, Pro Se.

David J. Deming, Nashville, Tennessee, Pro Se.

Gerald Wayne Davis, Nashville, Tennessee, Pro Se.

# MEMORANDUM OPINION[1]

The appellee, HFH, Inc. d/b/a/ DHL ("HFH"), has filed a motion to dismiss this appeal for failure to file a timely notice of appeal. Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the order appealed. HFH asserts that the trial court entered an order on July 30, 2012, denying a motion to set aside an order of dismissal for failure to state a claim and that the appellant, Lisa Smith, did not file her notice of appeal from that order until September 28, 2012, sixty days later.

In response to the motion to dismiss, Ms. Smith does not dispute the date of entry of the order appealed or the date she filed her notice of appeal. Rather, she asserts that she did not receive a copy of the order until sometime in September and that she promptly filed her notice of appeal upon receipt of the order. The order, however, contains a certificate of service indicating that a copy of the proposed order was served on Ms. Smith by U.S. mail on July 23, 2012. Service by mail is complete upon mailing. Tenn. R. Civ. P. 5.02(1). Where a judgment contains a certificate of service indicating that a copy of the proposed judgment has been served on the opposing parties, no notice of the entry of the judgment is required unless such notice is specifically requested. Tenn. R. Civ. P. 58. Even if Ms. Smith had requested notice of entry of the order, the failure to provide such notice would not affect the time for filing a notice of appeal. Tenn. R. Civ. P. 58, *Advisory Commission Comments.*

The time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869. Accordingly, the appeal must be dismissed.

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

HFH also requests that this court declare the appeal to be frivolous and award damages pursuant to Tenn. Code Ann. § 27-1-122. While the notice of appeal in this case was clearly untimely, Ms. Smith asserts she filed her notice of appeal as soon as she received notice the order had been entered. Under these circumstances, we decline to find the appeal frivolous.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The costs of the appeal are taxed to Lisa Smith for which execution may issue.

PER CURIAM