# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on April 4, 2013

## ISLAMIC COMMUNITY OF TDOC v. DERRICK SCHOFIELD, COMMISSIONER ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 09C2941     Hamilton V. Gayden, Jr., Judge**

---

**No. M2013-00658-COA-R3-CV - Filed April 5, 2013**

---

Two inmates in the custody of the Department of Correction have filed a notice of appeal from an order entered on January 4, 2013, denying their post-judgment motions.   Because the inmates did not file their notice of appeal with the trial court clerk within the time permitted by Tenn. R. App. P. 4, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., J., ANDY D. BENNETT, J., RICHARD H. DINKINS, J.

Orlando Stuart, Only, Tennessee, Pro Se.

A. J. Abdul Jaami, Only, Tennessee, Pro Se.

Islamic Community of TDOC, Only, Tennessee, Pro Se.

Arthur Crownover, II, Nashville, Tennessee, for the appellee, Derrick D. Schofield

**MEMORANDUM OPINION**[1]

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

In August of 2009, Daniel Grey, an inmate in the custody of the Department of Correction, filed a pro se complaint, purportedly on behalf of "The Islamic Community of TDOC," seeking injunctive relief for alleged violations of constitutional rights. On May 10, 2012, the trial court dismissed the complaint as moot because Mr. Grey had been released from prison. On July 30, 2012, two other inmates, Orlando Stewart and Abdullah Jihad Abdul Jaami, filed a motion for relief from the order of dismissal pursuant to Tenn. R. Civ. P. 60 asserting that the true plaintiff in the case was not an individual inmate but rather a "prison community." The trial court denied the Tenn. R. Civ. P. 60 motion on September 14, 2012, holding, in part, that neither Mr. Stewart nor Mr. Jaami was a party to the lawsuit and that neither had standing to seek relief on behalf of Mr. Grey.

On October 9, 2012, Mr. Stewart and Mr. Jaami filed a motion to alter or amend the judgment and a motion to make additional findings of fact. The trial court denied these post-judgment motions on January 4, 2013. On March 4, 2013, Mr. Stewart and Mr. Jaami filed a notice of appeal on behalf of "The Islamic Community of TDOC."

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the order appealed. If one of the post-judgment motions listed in Tenn. R. App. P. 4(b) and Tenn. R. Civ. P. 59.01 is timely filed, the time for filing the notice of appeal will run from the date of the order granting or denying the motion. The trial court denied the appellants' post-judgment motions on January 4, 2013. The appellants did not file their notice of appeal until March 4, 2013, fifty-nine days later.

Mr. Stewart and Mr. Jaami do not dispute that their notice of appeal was filed more than thirty days after entry of the January 4, 2013 order. They assert, however, that the January 4, 2013 order was first sent to Mr. Grey, who had been paroled, and that it was not mailed to them until February 8, 2013. They thus contend that their time for filing a notice of appeal should not begin to run until February 8, 2013.

The time for filing the notice of appeal runs from the date of entry of the order appealed, not from the date notice of the entry is mailed or received. Tenn. R. App. P. 4. Moreover, the time limit is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

Because the notice of appeal was not timely filed, we need not address the standing of Mr. Stewart and Mr. Jaami to pursue this matter. We note, however, that while Mr. Stewart and Mr. Jaami may represent themselves pro se, they may not file any documents on behalf of any other inmates, group of inmates, or "prison community." To allow such filings would be to permit the unauthorized practice of law.[2]

This appeal is hereby dismissed for failure to file a timely notice of appeal. The costs are taxed to Mr. Stewart and Mr. Jaami for which execution may issue.

PER CURIAM

---

[2]Tenn. Code Ann. § 23-3-103(a) prohibits any person from engaging in the practice of law unless that person is duly licensed. The practice of law is defined as "the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court. . ." Violation of Tenn. Code Ann. § 23-3-103(a) is a Class A misdemeanor. Tenn. Code Ann. § 23-3-103(b).