# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned December 21, 2013

## JAMES EVERETT FERRELL v. STATE OF TENNESSEE

**Appeal from the Tennessee Claims Commission,**
**No. T20121021      Robert Hibbett, Commissioner**

---

**No. M2013-01032-COA-R3-CV - Filed November 26, 2013**

---

**Tenn. R. App. P. 3 Appeal as of Right Dismissed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

James Evertt Ferrell, Morrison, Tennessee, Pro Se.

Robert E. Cooper, Attorney General and Reporter, Michael Lee Delisle, Mark Alexis Hudson,  Assistant Attorney General for the appellee, State of Tennessee.

## MEMORANDUM OPINION[1]

This is an appeal from a decision of the Tennessee Claims Commission dismissing a claim filed by James Ferrell alleging that his pickup truck was unlawfully taken from him. The State of Tennessee has filed a motion to dismiss the appeal for failure to file a timely notice of appeal.  Claims Commissioner Hibbitt entered an order dismissing Mr. Ferrell's claim on September 24, 2012.  Mr. Ferrell filed a Motion to Reconsider that was denied on November 21, 2012. On December 3, 2013, Mr. Ferrell filed a Petition for En Banc Hearing. The Claims Commission denied the Petition for En Banc Hearing on February 26, 2013. Mr. Ferrell then filed a Motion to Reconsider En Banc Denial.  The Claims Commission denied the Motion to Reconsider En Banc Denial on March 26, 2013.  Mr. Ferrell filed his notice

---

[1]Tenn. R. Ct. App. 10 states:
This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

of appeal on April 24, 2013.

Appeals from decisions of the Tennessee Claims Commission are governed by the Tennessee Rules of Appellate Procedure. Tenn. Code Ann. § 9-8-403(a)(1). Tenn. R. App. P. 4(a) requires parties to file a notice of appeal with the trial court clerk within thirty days after the entry of the final judgment. If one of the post-judgment motions listed in Tenn. R. App. P. 4(b) and Tenn. R. Civ. P. 59.01 is timely filed, the time for filing the notice of appeal will run from the date of the order granting or denying the motion. However, motions to reconsider such post-judgment motions are not authorized and filing post-judgment motions in serial fashion will not extend the time for filing the notice of appeal. Tenn. R. Civ. P. 59.01; *Southern Co-op Development Fund Inv. Corp. v. Gilliam*, App. No. 01A01-9112-CV-000302, 1992 WL 104752 (Tenn. Ct. App. May 19, 1992) (Perm. App. Denied August 24, 1992).

Pursuant to Rule 0310-1-1-.01(14) and .03(1) of the Rules of the Tennessee Claims Commission, "[a] motion by any party for an En Banc Hearing before the Tennessee Claims Commission is regarded as a motion for new trial and shall have the same effect as a motion for new trial (59.02) in this rule and all other rules of procedure." Mr. Ferrell was thus required by Tenn. R. App. P. 4(b) to file his notice of appeal, at the latest, within thirty days after entry of the order denying his Petition for En Banc Hearing. Mr. Ferrell's Motion to Reconsider En Banc Denial was not authorized by the rules and did not extend the time for filing the notice of appeal. Tenn. R. Civ. P. 59.01.

The time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

It is, therefore, ordered that this appeal be dismissed for failure to file a timely notice of appeal. The appellant is taxed with the costs for which execution may issue.

PER CURIAM