# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## JIMMIE BRADFORD, ET AL. V. STATE OF TENNESSEE

**Appeal from the Tennessee Claims Commission**
**No. T20090360**
**Commissioner Nancy C. Miller-Herron, TN. Claims Commission (Western Division)**

---

### No. W2014-01188-COA-R3-CV - Filed September 22, 2014

---

Because the Notice of Appeal was not timely filed, we have no jurisdiction to consider this appeal. Consequently, this appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

J. STEVEN STAFFORD, P.J.W.S., ARNOLD B. GOLDIN, J., AND BRANDON O. GIBSON, J.

Ronald Andre Stewart, Nashville, Tennessee, for the appellants, Jimmie and Marva Bradford.

Robert E. Cooper, Jr., Attorney General and Reporter; Stephanie A. Bergmeyer, Assistant Attorney General, Tennessee, for the appellee, State of Tennessee.

### MEMORANDUM OPINION[1]

Appellee State of Tennessee filed a motion requesting that the Court dismiss this appeal for lack of jurisdiction based on the failure of Claimants-Appellants Jimmie and Marva Bradford to timely file the notice of appeal pursuant to Rule 4 of the Tennessee Rules of Appellate Procedure. It appears that on May 13, 2014, the judgment of the Tennessee Claims Commission was entered with the Tennessee Claims Commission Clerk's Office. Appellants then filed their notice of appeal with the Tennessee Claims Commission Clerk

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

on June 13, 2014, i.e., thirty-one (31) days later.

Appellants filed a response to the motion to dismiss and asserted that, although the order appealed was entered on May 13, 2014, Appellants' counsel only received notice of the judgment on May 27, 2014. Appellants claim that the Clerk for the Tennessee Claims Commission sent notice of the Judgment and the Order to the incorrect address, and it was only through the Appellants' counsel repeated requests to the Assistant Attorney General that the order and notice of the judgment was submitted via email by the Assistant Attorney General. Appellants submit that Appellants' Notice of Appeal was not untimely, because it was filed seventeen (17) days after Appellants received notice that the Judgment had been entered. We respectfully disagree.

The thirty-day time limit for filing a notice of appeal set forth in Rule 4 of the Tennessee Rules of Appellate Procedure is mandatory and jurisdictional in civil matters. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). The Tennessee Rules of Appellate Procedure expressly prohibit this Court from either waiving or extending that time period. *See* T.R.A.P. 2 and 21(b). In this matter, the Notice of Appeal was filed thirty-one days after the order appealed was entered. Thus, the failure to timely file a notice of appeal deprives this Court of jurisdiction to hear the matter and therefore, this appeal must be dismissed.

## Conclusion

For the foregoing reasons, we dismiss this appeal for failure to timely file the notice of appeal. Costs of this appeal are taxed to the appellants, Jimmie Bradford and Marva Bradford, and the surety for which execution may issue if necessary.

**PER CURIAM**