IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
Submitted on Briefs
June 3, 2003 Session

## MICHAEL G. BINKLEY, et al. v. RODNEY TREVOR MEDLING, et al.

**Appeal by permission from the Court of Appeals, Middle Section**
**Chancery Court for Humphreys County**
**No. 24-001     Allen W. Wallace, Chancellor**

**No. M2001-01687-SC-R11-CV - Filed September 30, 2003**

        The issue in this appeal is whether the defendant's motion to alter or amend filed thirty-three days after entry of judgment was timely under Tennessee Rule of Civil Procedure 58 and therefore sufficient to toll commencement of the thirty-day period for filing a notice of appeal. The Court of Appeals dismissed the defendant's appeal as untimely. We agree with the intermediate court's conclusion that the defendant has failed to carry his burden of proving that the motion to alter or amend was timely filed. We therefore affirm the judgment of the Court of Appeals, dismissing the appeal.

**Tenn. R. App. P. 11; Judgment of the Court of Appeals Affirmed; Appeal Dismissed**

FRANK F. DROWOTA, III, C. J., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR.,  JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Troy Lee Brooks, Mount Juliet, Tennessee, for the appellant, Rodney Trevor Medling.

Michael G. Binkley and wife, Martha Binkley; Robert A. Jones, Sr. and wife, Mary Evelyn Jones; and Charles H. Cathey and wife, E. Jane Cathey, appellees, pro se.

## OPINION

### Factual and Procedural Background

        In 1997, Michael and Martha Binkley, Robert and Mary Jones, and Charles and Jane Cathey (collectively, "plaintiffs"), a group of  homeowners, obtained a judgment against Rodney Medling ("defendant"), which required Mr. Medling to restore a road and ditch in their subdivision to its

original condition. The defendant was given sixty (60) days from July 23, 1997 to comply. If the defendant failed to comply within the sixty-day period, he was required to pay $500.00 per day until he had complied with the judgment.

On November 24, 1999, the plaintiffs filed a petition for contempt alleging that the defendant had failed to comply with the 1997 judgment.[1] A hearing on the petition was held on October 9, 2000. The trial court found the defendant in contempt and awarded the plaintiffs a judgment in the amount of $555,500.00,[2] representing the penalty of $500.00 per day for each day of noncompliance subsequent to September 23, 1997. The trial court's judgment on the petition for contempt was entered by the clerk on December 20, 2000.

On January 22, 2001, thirty-three days after entry of the trial court's judgment, the defendant filed a motion to alter or amend. The plaintiffs did not raise any issue as to the timeliness of the motion. The trial court denied the defendant's motion on June 12, 2001, and the defendant filed a notice of appeal twenty days later, on July 2, 2001.

On January 14, 2002, the Court of Appeals dismissed the defendant's appeal as untimely. The defendant filed a petition for rehearing, asserting that he had requested a copy of the entered judgment from the trial court clerk and that his motion to alter or amend was timely filed pursuant to Tennessee Rules of Civil Procedure 6.05 and 58. In an order entered on January 31, 2002, the Court of Appeals reserved judgment on the petition for rehearing, stating: "[i]t is, therefore, ordered that the appellant [the defendant] shall have ten (10) days from the date this order is entered within which to supplement his petition for rehearing with [1] a copy of his request for a copy of the entered judgment and [2] a certificate of the trial court clerk or other documents demonstrating when the copy of the entered judgment was mailed to the appellant's counsel." In response, the defendant filed an affidavit of his counsel and a copy of a letter to the trial court clerk requesting a copy of the entered judgment. The defendant did not provide the Court of Appeals with a certificate of the trial court clerk (or other evidence) indicating the date the clerk mailed the copy of the judgment to the defendant. Counsel's affidavit stated: "[i]t is not our office policy to retain or file the envelopes containing such correspondence."

The Court of Appeals denied the petition for rehearing on the ground that the defendant had failed to present any evidence as to when the copy of the judgment was mailed by the trial court clerk to the defendant's counsel and that he thereby failed to carry his burden of proving that his motion to alter or amend was timely filed pursuant to Rule 58. In denying the petition to rehear, the Court of Appeals stated, "[w]e recognize the confusion created by the amendments to Rule 58 and the

---

[1]The petition for contempt also named a second defendant, the trustee named in a deed of trust securing a bank's lien on the property. From our review of the record, it does not appear that the trustee participated in the contempt proceeding, and he is not a party to this appeal.

[2]The trial court's judgment provided that "the amount of the above penalty shall not exceed the fair market value of the property." The record contains no evidence of the fair market value of the property, however it should be noted that the property is a wooded, five acre parcel in a rural area.

comments thereto as related to the applicability of the three day rule to post-trial motions. However, we are constrained to follow Begley Lumber [Co., Inc. v. Trammell, 15 S.W.3d 455 (Tenn. Ct. App. 1999)], and respectfully suggest that clarification by another court may be appropriate." We granted the defendant's application for permission to appeal in order to clarify the application of Tennessee Rules of Civil Procedure 6.05 and 58, and we now affirm the judgment of the Court of Appeals dismissing the appeal.

## **Analysis**

Several rules of civil and appellate procedure are relevant to the issue in this appeal. We begin with Tennessee Rule of Appellate Procedure 3(a) which provides that "[i]n civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right." Appeals as of right are initiated by filing a notice of appeal with the clerk of the trial court. Tenn. R. App. P. 3(e). Pursuant to Tennessee Rule of Appellate Procedure 4, "the notice of appeal . . . shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ." Tenn. R. App. P. 4(a).

The thirty-day time limit set out in Rule 4 is jurisdictional in civil cases. See, e.g., First Nat'l Bank of Polk County v. Goss, 912 S.W.2d 147, 148 (Tenn. Ct. App. 1995). However, certain post-trial motions, including a motion to alter or amend, *if timely filed*, toll commencement of the thirty-day period until an order granting or denying the motion is entered. Tenn. R. App. P. (4)(b). According to Tennessee Rule of Civil Procedure 59.04, a motion to alter or amend a judgment is timely if "filed and served within thirty (30) days after the *entry of the judgment*." (Emphasis added.) "Entry of judgment" is described by Tennessee Rule of Civil Procedure 58, which provides as follows:

> Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
>
> > (1) the signature of the judge and all parties or counsel, or
>
> > (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
>
> > (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.
>
> *When requested by counsel* or pro se parties, the clerk shall mail or deliver a copy of the entered judgment to all parties or counsel *within five days after entry*; notwithstanding any rule of civil or appellate procedure to the contrary, *time periods for post-trial motions* or a

> notice of appeal *shall not begin to run until the date of such requested mailing* or delivery.

(Emphasis added.)

Of particular import in the pending case is the language in Rule 58 stating that "notwithstanding any rule of civil or appellate procedure to the contrary, time periods for post-trial motions or a notice of appeal shall not begin to run until the date of such requested mailing or delivery." That language was added to Rule 58 by a 1997 amendment. According to the 1997 Advisory Commission Comments, the purpose of that language is

> to make the right to notice of the judgment entry date meaningful. A lawyer or party who requests a copy of the judgment stamped with the entry date should not be prejudiced by a clerk's failure to comply with the request.

Having set out the governing authority, we next consider the two issues raised in the defendant's brief. As his first issue, the defendant argues that when a party requests notice of entry of the judgment pursuant to Rule 58 the time for filing a post-trial motion "begins to run on the first day of *service* of the copy of the judgment on that party." (Emphasis added.) The defendant's argument on this first issue is based upon the language in Rule 58 that states: "time periods for post-trial motions . . . shall not begin to run until the date of such requested mailing or *delivery*." (Emphasis added.) Relying on the word "delivery," the defendant asserts that the time period for filing his motion to alter or amend did not begin to run until the date the copy of the judgment was "delivered" to defendant's counsel, i.e., the date he was "served" with the copy of the judgment. The defendant's argument is based upon a strained construction of the word "delivery." Read in the full context of Rule 58, the word "delivery" is merely used as an alternate to the word "mailing," signifying that the trial court clerk may either mail the copy of the judgment *or* use some other form of delivery (e.g., personal delivery or commercial delivery service). In other words, "delivery" simply means a *non-mail* method of sending the notice of entry of judgment to the parties – the word "delivery" does *not* mean the date on which a mailed copy of the judgment is actually delivered to a party by the postal service. The defendant's first issue is without merit.

In his second issue, the defendant argues that his motion to alter or amend, which was filed thirty-three days after entry of the trial court's judgment, was timely under Rule 58 because the clerk *mailed* his lawyer a copy of the trial court's entered judgment. Relying upon the Advisory Commission Comments to Rule 58, particularly the 1984 Comments referring to Tennessee Rule of Civil Procedure 6.05,[3] the defendant asserts that "three days are added when entry of judgment is delivered by mail."

---

[3]The 1984 Advisory Commission Comments referred to above are contained in the <u>Tennessee Court Rules Annotated</u> (2003), the official compilation published by LexisNexis. The 1984 Comments to Rule 58 are not contained in the <u>Tennessee Rules of Court</u> (2002), published by Thomson West (West Group).

The second paragraph of the 1984 Advisory Commission Comments to Rule 58 states: "Because of Rule 6.05, the party actually has 33 days if the Notice of Entry is mailed rather than personally delivered to the party." Tennessee Rule of Civil Procedure 6.05, to which the 1984 Comments refer, provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served upon such party by mail, three days shall be added to the prescribed period.

Relying upon the 1984 Comments to Rule 58, the defendant argues that Rule 6.05 added three days to the period within which he was required to file his post-trial motion. We will begin our analysis of this issue by returning to the text of Rule 58. We then will consider the effect, if any, of Rule 6.05 on notices of entry of judgment requested pursuant to Rule 58.

Rule 58, by its express terms, can add up to five additional days to the thirty-day period for filing a post-trial motion or notice of appeal when a party has requested of the clerk a copy of the judgment pursuant to that Rule. Rule 58 says that upon request the clerk "shall" mail or deliver a copy of the entered judgment within five days after entry and that "notwithstanding any rule of civil or appellate procedure to the contrary," the time for filing a post-trial motion or notice of appeal, "shall not begin to run until the *date of such requested mailing or delivery*." Tenn. R. Civ. P. 58 (emphasis added). The foregoing portion of Rule 58 clearly provides that the time for filing a post-trial motion or a notice of appeal begins to run on the day the trial court clerk fulfilled his or her duty to mail or deliver the requested copy. Thus, Rule 58 extends the period for filing a post-trial motion by an additional one to five days, depending upon the "date of such requested mailing or delivery."

While the text of Rule 58 is clear, that language is rendered less clear when it is read in conjunction with the second paragraph of the 1984 Advisory Commission Comments to the Rule. The second paragraph of the 1984 Comments states: "The 30 days mentioned begins to run when the notice of entry is mailed to the party. Because of Rule 6.05, the party actually has 33 days if the Notice of Entry is mailed rather than personally delivered to the party." Based upon this language, the defendant argues that the "three-day" rule stated in Rule 6.05 applies to his motion to alter or amend, making the filing of that motion (thirty-three days after entry of the judgment) timely.

As the Court of Appeals correctly stated, Rule 6.05 applies only when a party is required to do some act after service of a notice or other paper and does not apply when the doing of the act is triggered by some other event, like the entry of a final judgment. See Begley Lumber Co., Inc., 15 S.W.3d at 457 (stating that Rule 6.05 does not apply to extend by three days the time for filing a notice of appeal when a copy of the entered judgment, requested pursuant to Rule 58, is sent by mail). Under Rule 59.02, a motion to alter or amend the judgment (and any other motion listed in Rule 59.01), "shall be filed and served within thirty (30) days after the judgment has been entered . . . ." Because the time for filing a motion to alter or amend is not based upon the date of "service

of a notice or other paper[,]" we agree with the intermediate court that Rule 6.05 does not apply to the filing of a Rule 59 motion. If that were not the case, a literal reading of Rule 6.05 and 58 would result in *two* separate periods being added to the normal thirty-day period for filing a Rule 59 motion or a notice of appeal– Rule 58 would grant up to an additional five days and Rule 6.05 would grant an additional three days (in cases in which the clerk mailed the requested copy of the judgment), for a total of up to eight additional days. We doubt that this result ever was intended by the Rules Commission, and it certainly was not intended by this Court in its adoption of the amendments to Rule 58.

From our review of the history of Rule 58, it is clear that the second paragraph of the 1984 Advisory Commission Comments is obsolete. The 1984 version of Rule 58 provided that "the time for all proceedings on a judgment shall not expire prior to the expiration of 30 days after the date of *service* of notice of entry of judgment or 90 days after the date of entry of the judgment, whichever is earlier." Tenn. R. Civ. P. 58.03(4) (West 1984) (emphasis added). Because the 1984 version of Rule 58 measured the "time for all proceedings on a judgment" from the date of *service* of the notice of entry of judgment (or 90 days after the date of entry of the judgment), Rule 6.05 applied to *that version of the Rule.* However, Rule 58 was substantially rewritten in 1993, and the foregoing portion of the 1984 version of the Rule was deleted. Consequently, the second paragraph of the 1984 Advisory Commission Comments to Rule 58 became obsolete and should have been deleted from the Comments to Rule 58.

Having reviewed the relevant authorities and procedural rules, we agree with the Court of Appeals's conclusion that Rule 6.05 does not apply in this case. Although Rule 6.05 does not apply, the Court of Appeals correctly noted that Rule 58 could afford up to five additional days for filing a post-trial motion; the intermediate court therefore directed the defendant to file "a certificate of the trial court clerk or other documents demonstrating when the copy of the entered judgment was mailed to the appellant's counsel." The defendant, however, failed to submit such a certificate or other evidence showing when the trial court clerk mailed the requested copy of the judgment.

The affidavit submitted by defendant's counsel in response to the intermediate court's directive states the date on which counsel *received* the copy of the judgment from the trial court clerk. The defendant, however, submitted no evidence as to when the copy of the judgment was *mailed* by the clerk. The trial court's judgment was signed by the Chancellor on December 19, 2000 and was entered by the trial court clerk on December 20, 2000. If the copy of the judgment was mailed by the clerk on the day the judgment was entered (December 20), the motion to alter or amend was untimely. If, however, the copy of the judgment was not mailed until December 21 (or thereafter), the motion to alter or amend was timely.[4] Due to the defendant's failure to submit any evidence indicating the date on which the clerk mailed the requested copy of the judgment, we are

---

[4]December 21, 2000 was a Thursday. The thirtieth day following that date was Saturday, January 20, 2001. Because the thirtieth day fell on a Saturday, the defendant would have had until Monday, January 22, to file his motion to alter or amend. <u>See</u> Tenn. R. Civ. P. 6.01 (Time – Computation). The defendant's motion was filed on January 22, 2001.

unable to determine that the motion to alter or amend was timely, and the defendant therefore has failed to carry his burden of proof on the issue. Consequently, we affirm the intermediate court's dismissal of the appeal.

In affirming the intermediate court's decision, we are not unaware that the obsolete language of the 1984 Advisory Commission Comments to Rule 58 could engender confusion in future cases.[5] We are directing LexisNexis, the publisher of <u>Tennessee Court Rules Annotated</u>, the official compilation of the rules of procedure, to expeditiously delete the second paragraph of the 1984 Advisory Commission Comments to Rule 58.[6] In addition, we ask the Advisory Commission on the Rules of Practice & Procedure to undertake a review of the various rules of procedure and to recommend the removal of any other Advisory Commission Comments that are obsolete or otherwise inconsistent with later amendments to the various rules. The Advisory Commission also should review Rule 58 and recommend any changes it deems advisable to clarify the Rule.[7]

## **Conclusion**

In summary, Rule 6.05 does not apply to the mailing of a copy of entry of judgment requested pursuant to Rule 58; consequently, the "three-day rule" contained in Rule 6.05 (and relied upon by the defendant) does not apply in the pending case. While the text of Rule 58 can extend the time for filing a post-trial motion, we find that the defendant has failed to carry his burden of proving his compliance with Rule 58 (i.e., that he failed to prove the date on which the clerk mailed the notice of entry of the judgment). Accordingly, we conclude that the defendant's motion to alter or amend was untimely; as a result, the defendant's subsequent notice of appeal also was untimely. We therefore affirm the judgment of the Court of Appeals, dismissing the appeal.

The costs of this appeal are taxed to the defendant, Rodney Trevor Medling, for which execution may issue if necessary.

---

[5]We note, however, that counsel for the defendant in the pending case has not asserted, either in his affidavit filed in the Court of Appeals or in the defendant's brief filed in this Court, that he actually was misled by the obsolete portion of the 1984 Comments. But even if he had made such an assertion, the Court cannot extend the time for filing a notice of appeal. <u>See</u> Tenn. R. App. P. 2 and 21(b).

[6]The following language shall be deleted from the 1984 Comment: "The 30 days mentioned begins to run when the notice of entry is mailed to the party. Because of Rule 6.05, the party actually has 33 days if the Notice of Entry is mailed rather than personally delivered to the party. [1984]"

[7]For example, we note that Rule 58 is silent as to the possibility that a trial court clerk, through oversight, might not ever send a requested copy of the judgment to the parties. In such a situation, the time for filing a post-trial motion or a notice of appeal could be uncertain. Also, the current Rule does not explicitly address the possibility that *one* counsel could request a copy of the judgment and *opposing* counsel could later file a post-trial motion or notice of appeal relying on the extra time granted by Rule 58. The Advisory Commission should consider both of these issues, as well as any other issue(s) identified by the Commission.

_____
FRANK F. DROWOTA, III,
CHIEF JUSTICE