# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## VALERIE COSSAR CLARK AND ESTATE OF RICKY COSSAR V. DONNIE HOUSTON, LARRY SISCO, AND BRENDA SISCO

**Direct Appeal from the Chancery Court for Hardeman County**
**No. 15832      William C. Cole, Chancellor**

---

**No. W2011-01709-COA-R3-CV - Filed August 31, 2011**

---

Appellants filed their Notice of Appeal more than thirty (30) days after the order appealed was entered by the trial court. Consequently, we must dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, J., DAVID R. FARMER, J., and ALAN E. HIGHERS, P.J.W.S.

Lloyd Rogers Tatum, Henderson, Tennessee, for the appellants, Valerie Cossar Clark and Estate of Ricky Cossar.

Art D. Wells, Jackson, Tennessee, for the appellee, Donnie Houston.

Brenda Sisco and Larry Sisco, *pro se* appellees.

### MEMORANDUM OPINION[1]

The Notice of Appeal in this matter was filed on August 2, 2011. On August 12, 2011, Appellee Donnie Houston filed a motion requesting that this Court dismiss this appeal based on the appellants' failure to timely file their Notice of Appeal. Appellee Houston submits that the trial court entered an order dismissing the matter on April 29, 2011, but

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Appellants Estate of Ricky Cossar and Valerie Cossar did not file their Notice of Appeal until August 2, 2011. Appellants filed a response in opposition to the motion on August 23, 2011. In their response, Appellants submit that Appellee Houston filed a motion seeking an award of discretionary costs on April 29, 2011, and the trial court did not enter an order disposing of the motion until July 14, 2011. Thus, Appellants argue that the trial court's order of April 29, 2011, did not adjudicate all of the parties' claims and therefore, the order was not final and appealable until the trial court entered its order granting Appellee Houston an award of discretionary costs on July 14, 2011.

Rule 4(a) of the Tennessee Rules of Appellate Procedure provides in pertinent part that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from. ..." Tenn. R. App. P. 4(a). The thirty-day time limit for filing a notice of appeal set forth in Rule 4 of the Tennessee Rules of Appellate Procedure is mandatory and jurisdictional in civil matters. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). The Tennessee Rules of Appellate Procedure expressly prohibit this Court from either waiving or extending that time period. *See* Tenn. R. App. P. 2 and 21(b).

Moreover, Rule 4(b) of the Tennessee Rules of Appellate Procedure provides:

In a civil action, if a timely motion under the Tennessee Rules of Civil Procedure is filed in the trial court by any party: (1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.07 for a new trial; (4) under Rule 59.04 to alter or amend the judgment; the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.

Tenn. R. App. P. 4(b). The 1995 Advisory Comment to Rule 4 states "[t]his is an amendment to conform Appellate Rule 4 to Civil Rule 59. A motion for discretionary costs does <u>not</u> toll the time for filing a notice of appeal." Tenn. R. App. P. 4 advisory commission cmt. to 1995 amend. Clearly, the Notice of Appeal in this matter was not timely filed and thus, Appellants' failure to timely file a notice of appeal deprives this court of jurisdiction to hear the matter. Therefore, this appeal must be dismissed.

### Conclusion

For the foregoing reasons, we dismiss this appeal for failure to timely file the notice of appeal. Costs of this appeal are taxed to the appellants, Valerie Cossar Clark and Estate of Ricky Cossar, and their surety for which execution may issue if necessary.

2

**PER CURIAM**