# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## JORGE A. RUBIO V. GENEVA VAUGHN, ET AL.

### Appeal from the Chancery Court for Hardeman County
### No. 17669    Chancellor William C. Cole, Judge

### No. W2013-00677-COA-R3-CV - Filed September 12, 2013

Appellant's failure to timely file a notice of appeal deprives this court of jurisdiction to hear the matter and this appeal must be dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ALAN E. HIGHERS, P.J.W.S., DAVID R. FARMER, J., AND HOLLY M. KIRBY, J.

Jorge A. Rubio, Whiteville, Tennessee, appellant, *pro se*.

Phylinda Lorene Ramsey, Jackson, Tennessee for appellees Geneva Vaughn and Corrections Corporation of America.

### MEMORANDUM OPINION[1]

The self-represented appellant, Jorge A. Rubio, appealed the trial court's order of January 16, 2013 which granted the motion to dismiss filed by Appellees Geneva Vaughn and Corrections Corporation of America. Appellant filed his Notice of Appeal with the Hardeman County Clerk and Master's Office on March 5, 2013. Appellant sent a note with his Notice of Appeal explaining that he had initially sent his Notice of Appeal to the Court of Appeals, but it had been returned with a note saying that he must file the Notice

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

of Appeal with the trial court.

On May 9, 2013, this Court entered an Order requiring Appellant to show cause why this appeal should not be dismissed for failure to comply with Rule 24 of the Tennessee Rules of Appellate Procedure.[2] On that same date, Appellees filed a motion requesting that the Court dismiss this appeal for Appellant's failure to time file his Notice of Appeal.

Appellant filed a response on May 17, 2013, in which he stated that: 1) he filed his Notice of Appeal and served counsel of record on February 4, 2013; 2) the Notice of Appeal "addressed to counsel of record" was returned to him by prison officials on February 13, 2013; 3) on February 15, 2013, Appellant filed a Rule 24(d) notice and received no response from the clerk; 4) Appellant sent the Court of Appeals the Notice of Appeal and a letter showing that he had complied with the Tennessee Rules of Appellate Procedure on February 19, 2013; 5) he received correspondence from the Clerk of this Court stating that the appeal should be filed in Chancery Court; 6) on February 28, 2013, Appellant filed his Notice of Appeal with the trial court clerk; and, 7) on March 15, 2013, the trial court clerk filed his Notice of Appeal.[3] Moreover, Appellant requests that the Court permit him to file another Rule 24(d) notice, if this Court did not receive his previously transmitted Rule 24(d) notice.

Upon due consideration, it appears that the order appealed in this matter was entered on January 16, 2013 and the Notice of Appeal was filed on March 5, 2013, which is more than thirty (30) days past the date of the entry of the order appealed. The thirty-day time limit for filing a notice of appeal set forth in Rule 4 of the Tennessee Rules of Appellate Procedure is mandatory and jurisdictional in civil matters. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). The Tennessee Rules of Appellate Procedure expressly prohibit this Court from either waiving or extending that time period. *See* T.R.A.P. 2 and 21(b). Thus, the failure to timely file a notice of appeal deprives this court of jurisdiction to hear the matter and therefore, this appeal must be dismissed.

---

[2] Appellant filed his Notice of Appeal with the trial court on March 5, 2013. According to the affidavit of Janice M. Bodiford, Clerk and Master, Appellant had not filed a transcript, a statement of the evidence or proceeding, or a Rule 24(d) notice with the clerk of the trial court, as of May 7, 2013.

[3] Although Appellant's response states that the trial court clerk filed his Notice of Appeal on March 15, 2013, the Notice of Appeal is file stamped March 5, 2013.

## Conclusion

For the foregoing reasons, we dismiss this appeal for failure to timely file the notice of appeal. Costs of this appeal are taxed to the appellant, Jorge A. Rubio, for which execution may issue if necessary.

**PER CURIAM**