# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## ANGELA DAWN GILMORE v. DUSTIN MICHAEL GILMORE

**Appeal from the Circuit Court for Shelby County**
**No. CT00088306     Donna M. Fields,  Judge**

---

**No. W2015-00234-COA-R3-CV- Filed March 23, 2015**

---

The notice of appeal was not timely filed.  Therefore, we must dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Dismissed**

BRANDON O. GIBSON, J., J. STEVEN STAFFORD, P.J., W.S., AND KENNY ARMSTRONG, J.

Angela Dawn Gilmore, *Pro se*

Laura L. English, Memphis, Tennessee, for the appellees, Dustin Michael Gilmore

### MEMORANDUM OPINION[1]

On March 4, 2015, Appellee Dustin Michael Gilmore filed a motion requesting that the Court dismiss this appeal for the failure of Appellant Angela Dawn Gilmore to timely file the Notice of Appeal.  As of this date, Appellant has not filed a response to the motion.

It appears that the order appealed in this matter was entered in the trial court on January 5, 2015, and Appellant filed her Notice of Appeal on February 5, 2015, i.e., thirty-one days after the entry of the order appealed.  The thirty-day time limit for filing a notice of appeal set forth in Rule 4 of the Tennessee Rules of Appellate Procedure is mandatory and jurisidictional in civil matters.  *Albert v. Frye*, 145 S.W.3d 526, 528

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPNION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

(Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). The Tennessee Rules of Appellate Procedure expressly prohibit this Court from either waiving or extending the time period. *See* T.R.A.P. 2 and 21(b). Thus, the failure to timely file a notice of appeal deprives this Court of jurisdiction to hear the matter and therefore, this appeal must be dismissed.

In this matter, the final judgment was entered on January 5, 2015, and the Notice of Appeal was filed on February 5, 2015. February 5, 2015 is more than thirty (30) days past January 5, 2015, and therefore the Notice of Appeal was not timely filed. Consequently, we must dismiss this appeal for lack of jurisdiction.

## Conclusion

For the foregoing reasons, we dismiss this appeal for failure to timely file the notice of appeal. Costs of this appeal are taxed to the appellant, Angela Dawn Gilmore, for which execution may issue, if necessary.

**PER CURIAM**