# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

### ALLEN RIGGS v. RICHARD B. WRIGHT, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT00445014      Felicia Corbin Johnson, Judge**

_____

### No. W2015-00677-COA-R3-CV – Filed September 1, 2015
_____

Appellant did not timely file the Notice of Appeal and thus, this Court lacks subject matter jurisdiction to hear this appeal.  Consequently, the appeal must be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

BRANDON O. GIBSON, J., J. STEVEN STAFFORD, P.J.,W.S., AND KENNY ARMSTRONG, J.

Charles Wesley Fowler and Jonathan O'Neal Richardson, Memphis, Tennessee, for the appellant, Allen Riggs.

Bradford Box and John Caleb Meriwether, Jackson, Tennessee, for the appellees, Larry F. Wright, Sr., and Marianne D. Wright.

Dawn Davis Carson, Russell B. Jordan, and Hal Scot Spragins, Memphis, Tennessee, for the appellee, Richard B. Wright.

### MEMORANDUM OPINION[1]

On March 11, 2015, the trial court entered an order dismissing the petition of Appellant Allen Riggs as to Defendants/Appellees Larry F. Wright, Sr. and Marianne D.

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Wright. The order was certified as a final judgment as to those parties, pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. The order was signed by counsel for Appellees Larry F. Wright, Sr. and Marianne D. Wright and counsel for Defendant Richard Wright. The order bears a certificate of service executed by counsel for Appellees Larry F. Wright, Sr. and Marianne D. Wright indicating that a copy of the order was mailed to counsel of record on March 4, 2015. The trial court clerk also executed a certificate of service indicating that a copy of the order was mailed to the attorneys of record on March 12, 2014. Appellant filed a Notice of Appeal with the trial court clerk on April 13, 2015.

On April 29, 2015, Appellant filed with this Court a pleading styled "Appellant's Motion for Determination of Timeliness of Notice of Appeal" wherein Appellant stated that Appellant's counsel had not, as of the filing of the motion, received a copy of the trial court's order. Appellant submitted that his counsel first learned of the entry of the order appealed "by happenchance" when counsel checked the trial court's online docket. Consequently, Appellant argued that the Court should determine that the thirty (30) day timeline established in Rule 4(a) of the Tennessee Rules of Appellate Procedure began running on March 16, 2015, and thus, Appellant's filing of the Notice of Appeal on April 13, 2015, was timely. Appellant also stated that he had filed a Rule 60 Motion for Relief with the trial court and that the motion was pending at that time.

On May 6, 2015, Appellees filed a motion requesting that the Court dismiss this appeal for Appellant's failure to timely file the Notice of Appeal. By Order entered on May 7, 2015, the Court directed Appellant to submit a status report to the Court within ten (10) days of the entry of the trial court's order disposing of the Rule 60 motion. Also, the Court held this appeal in abeyance pending further Order of the Court.

Appellant filed a status report on June 8, 2015, and advised the Court that the trial court denied the Rule 60 Motion for Relief, but *sua sponte* corrected the date of the certificate of service from March 12, 2014 to March 12, 2015. Afterwards, the Clerk of this Court received the appellate record for this matter. Appellees filed a response to Appellant's status report, stating that the trial court specifically found that the order appealed was entered on March 11, 2015. On July 30, 2015, the Court entered an Order holding Appellant's "Motion for Determination of Timeliness of Notice of Appeal" and Appellees' Motion to Dismiss in abeyance pending further Order of the Court. In addition, our July 30, 2015 Order directed Appellant to file his brief within thirty (30) days. On August 20, 2015, Appellees filed a Motion to Reconsider and/or to Stay Briefing Pending Determination of This Court's Jurisdiction to Hear Appeal, and on August 28, 2015, Appellant filed his brief.

Rule 58 of the Tennessee Rules of Civil Procedure provides:

2

Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:

(1) the signatures of the judge and all parties or counsel, or
(2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
(3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

Tenn. R. Civ. P. 58. On our review of the appellate record and the documents submitted by the parties, including the issues raised in Appellant's brief, it is clear that the trial court signed the order appealed on March 11, 2015, and the order was stamped "filed" by the trial court clerk on March 11, 2015. The order was signed by Appellees' counsel and counsel for Defendant Richard Wright. Appellees' counsel executed a certificate of service on March 4, 2015, and the trial court clerk executed a certificate of service indicating that a copy was served on counsel of record on March 12, 2015. Thus, it appears that the order was "effective," pursuant to Rule 58, on March 11, 2015.

The thirty-day time limit for filing a notice of appeal set forth in Rule 4 of the Tennessee Rules of Appellate Procedure is mandatory and jurisdictional in civil matters. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). The Tennessee Rules of Appellate Procedure expressly prohibit this Court from either waiving or extending that time period. *See* T.R.A.P. 2 and 21(b). Thirty (30) days past March 11, 2015, was April 10, 2015. Appellant filed the Notice of Appeal on April 13, 2015, and that date is more than thirty (30) days past March 11, 2015. Thus, Appellant did not timely file the Notice of Appeal. The failure to timely file a notice of appeal deprives this Court of subject matter jurisdiction to hear the matter, and, therefore, this appeal must be dismissed.

## Conclusion

For the foregoing reasons, we dismiss this appeal for failure to timely file the notice of appeal. Costs of this appeal are taxed to the appellant, Allen Riggs, and the surety, for which execution may issue if necessary.

## PER CURIAM

3