# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## COREY ALAN BENNETT v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardeman County**
**No. 2014CR229     Joe H. Walker, III, Judge**

_____

### No. W2015-00442-COA-R3-CV – Filed September 2, 2015
_____

The notice of appeal was not timely filed and therefore, this appeal must be dismissed for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

KENNY ARMSTRONG, J., J. STEVEN STAFFORD, P.J.W.S., AND ARNOLD B. GOLDIN, J.

Corey Alan Bennett, Nashville, Tennessee, *pro se*.

Herbert H. Slatery, III, Attorney General and Reporter; and Jennifer L. Brenner, Senior Counsel, for the appellee, State of Tennessee.

### MEMORANDUM OPINION[1]

The thirty-day time limit for filing a notice of appeal set forth in Rule 4 of the Tennessee Rules of Appellate Procedure is mandatory and jurisdictional in civil matters. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). The Tennessee Rules of Appellate Procedure expressly prohibit this Court from either waiving or extending that time period. *See* T.R.A.P. 2 and 21(b).  Thus, the failure to timely file a notice of appeal deprives this court of jurisdiction to hear the matter and therefore, this appeal must be dismissed.

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

In this case, it appears that a final order was entered on December 9, 2014, and there is no indication that any of the motions listed in Rule 4(b) were timely filed. Thus, the Appellant's notice of appeal should have been filed within thirty days after December 9, 2014. *See* Tenn. R. App. P. 4(a). The Appellant, however, did not file a notice of appeal until February 18, 2015, and February 18, 2015, is more than thirty days after December 9, 2014.

By Order entered on July 24, 2015, the Court directed Appellant to, within twenty (20) days from the entry of that Order, show cause why this appeal should not be dismissed for failure to timely file the Notice of Appeal. Our Order of July 24, 2015, also provided that "[f]ailure to comply with this Order within the time provided herein could result in dismissal of this appeal without further notice." On that same date, the Clerk of this Court transmitted a copy of our Order to Appellant by certified mail, return receipt requested. The Clerk later received the return receipt indicating that Appellant received the mail parcel on August 11, 2015. As of this date, Appellant has not responded to our Order of July 24, 2015.

Because the notice of appeal was not timely filed, this Court lacks subject matter jurisdiction to hear this appeal. Consequently, the appeal must be dismissed.

### Conclusion

For the foregoing reasons, we dismiss this appeal for failure to timely file the notice of appeal. Costs of this appeal are taxed to the appellant, Corey Alan Bennett, for which execution may issue if necessary.

**PER CURIAM**