# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## IN RE EFRIAN F.

**Appeal from the Juvenile Court for Shelby County**
**No. W9787   Dan H. Michael, Judge**

_____

**No. W2016-01431-COA-R3-PT – Filed September 1, 2016**

_____

Because the notice of appeal was not timely filed, we have no jurisdiction to consider this appeal and this matter must be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KENNY ARMSTRONG, J., J. STEVEN STAFFORD, P.J.W.S., and BRANDON O. GIBSON, J.

William Ray Glasgow, Memphis, Tennessee, for the appellant, Sonia G.

Brian Allan Pierce, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

Kim D. Melon, Guardian ad Litem.

## MEMORANDUM OPINION[1]

On May 23, 2016, the trial court entered the order terminating Appellant's parental rights to the subject child. Appellant, by and through counsel, filed a notice of appeal to this Court on June 24, 2016. On August 1, 2016, the State of Tennessee filed a motion requesting that the Court dismiss this appeal for Appellant's failure to timely file the notice of appeal. Appellant filed a response in opposition to the motion on August 15, 2016.

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

In this matter, it appears that the order appealed was entered on May 23, 2016, and therefore, the notice of appeal should have been filed on or before Wednesday, June 22, 2016. Appellant filed the notice of appeal, however, on Friday, June 24, 2016, i.e., more than thirty (30) days after the entry of the order appealed.

The thirty-day time limit for filing a notice of appeal set forth in Rule 4 of the Tennessee Rules of Appellate Procedure is mandatory and jurisdictional in civil matters. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). The Tennessee Rules of Appellate Procedure expressly prohibit this Court from either waiving or extending that time period. *See* T.R.A.P. 2 and 21(b). Thus, the failure to timely file a notice of appeal deprives this court of jurisdiction to hear the matter and therefore, this appeal must be dismissed.

### Conclusion

For the foregoing reasons, we dismiss this appeal for failure to timely file the notice of appeal. Costs of this appeal are taxed to the appellant, Sonia G., for which execution may issue if necessary.

**PER CURIAM**