FILED
05/26/2017
Clerk of the
Appellate Courts



IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 26, 2017 Session

## IN RE MARCH 9, 2012 ORDER

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-004568-15    Gina C. Higgins, Judge**

_____

### No. W2016-02015-COA-R3-CV

_____

This appeal involves an attempt to set aside an allegedly void order pursuant to Rule 60.02(3) of the Tennessee Rules of Civil Procedure.  The trial court dismissed the petition for multiple reasons, including res judicata.  We affirm and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY ARMSTRONG, JJ., joined.

Larry E. Parrish, Memphis, Tennessee, for the appellant, William Goetz.

John Lewis Wardlaw, Memphis, Tennessee, for the appellee, Donel Autin and Dana Autin.

### MEMORANDUM OPINION[1]

### I. FACTS & PROCEDURAL HISTORY

This appeal is the latest chapter in a long-running battle between former neighbors.  In 2010, Donel and Dana Autin sued William Goetz for defamation, slander,

_____

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

and intentional infliction of emotional distress. During discovery, the trial court granted the Autins' motion for a protective order prohibiting dissemination of certain information and documents. On March 9, 2012, the Autins filed notice that they intended to voluntarily dismiss their complaint without prejudice pursuant to Tennessee Rule of Civil Procedure 41.01(1). That same day, the trial court entered an order dismissing the case without prejudice "subject to the following orders of the Court." The trial court ordered that the case would remain sealed and that documents previously produced would remain subject to the court's prior protective order, as the protective order would "remain in full effect."

Unfortunately, this did not end the parties' disputes or litigation.[2] In May 2015, Goetz filed a motion to modify the trial court's protective order, arguing that circumstances had changed such that it was no longer necessary, as the Autins had moved out-of-state. In December 2015, the trial court entered an order denying Goetz's motion to modify the protective order. The trial court found that the case had been effectively closed for three years, that Goetz did not appeal the trial court's order extending the protective order, and that his motion to modify should be denied based on res judicata. Goetz timely filed a notice of appeal to this Court.

Meanwhile, however, Goetz had instituted the present proceeding on November 2, 2015, by filing what he designated as an "In Rem Petition to Vacate March 9, 2012 'Order.'" The In Rem Petition listed a different docket number than that used in the original defamation case and the motion to modify filed therein. The In Rem Petition stated that it was "an independent action" to assert claims of right pursuant to Tennessee Rule of Civil Procedure 60.02(3), which addresses void judgments. The style of the case was listed as "In re: March 9, 2012 'Order.'" The In Rem Petition stated that the March 9, 2012 order was the "res" of the in rem proceeding and that no parties were named as defendants or served with summons. The In Rem Petition asked the court to declare the March 9, 2012 order void ab initio on the basis that the circuit court lacked jurisdiction to adjudicate any matters from the moment the Autins' written notice of nonsuit was presented to the court, with the exception of entering a ministerial *pro forma* order confirming "the already effectuated dismissal." In other words, the In Rem Petition asserted that the Autins' defamation case was effectively dismissed at the moment the notice of nonsuit was delivered, and therefore, the trial court lacked authority to include a

---

[2]On May 18, 2012, Goetz filed a separate lawsuit against the Autins for defamation, malicious prosecution, abuse of process, and intentional infliction of emotional distress. The case was dismissed by the trial court for failure to state a claim, and this Court affirmed the dismissal on appeal. *See Goetz v. Autin*, No. W2015-00063-COA-R3-CV, 2016 WL 537818, at *12 (Tenn. Ct. App. Feb. 10, 2016), *perm. app. denied* (Tenn. June 24, 2016) ("hereinafter *Autin I*"). The parties also filed competing petitions for contempt, alleging violations of the aforementioned protective order. These proceedings are not part of the present appeal but reflect the continuous nature of the litigation by these parties.

ruling in its order of dismissal that the protective order would remain in effect. The In Rem Petition also contended that the trial court's March 9, 2012 order extending the protective order was essentially a permanent injunction that restrained Goetz in violation of his constitutional rights to free speech. The In Rem Petition requested that the March 9, 2012 order be declared void and stricken from the record of the court.[3]

Goetz filed a motion for judgment on the In Rem Petition based on the pleadings. The motion stated that the Autins had been provided with actual notice of the In Rem Petition but insisted that it was not necessary to name them as parties due to the "in rem" nature of the proceeding. On June 23, 2016, the trial court entered an order granting Goetz's motion for judgment on the pleadings.[4] The order stated, "The Court finds that no opposition was had to Petitioner's Motion for Judgment on the Pleadings. Accordingly, Petitioner's uncontroverted Motion is granted and the Clerk is ordered to release this case from 'Under Seal.'"

Five days later, the Autins filed a "Limited Appearance . . . and Emergency Motion to Stay" the trial court's June 23 order granting judgment on the pleadings on the In Rem Petition. The Autins thereby informed the court that they intended to file a motion to intervene, a motion to alter or amend the June 23 order granting judgment on the pleadings, and a motion to dismiss the In Rem Petition. The Autins noted that they were not served with process and asserted that they were indispensable parties to the action. The Autins also directed the trial court's attention to the motion to modify that Goetz had previously filed under the original docket number, attacking the same March 9, 2012 protective order. The Autins noted that just months earlier, on December 16, 2015, the trial court had denied Goetz's motion to modify the protective order, yet the June 23, 2016 order granting judgment on the pleadings set aside that same order. The Autins argued that the trial court's June 23 order granting judgment on the pleadings would render the trial court's previous ruling ineffective. The Autins informed the court that the appeal of the trial court's order in the modification proceeding was still pending before this Court. The Autins sought an emergency stay of the June 23 order in order to allow it to prepare and file the aforementioned motions.

The next day, on June 29, 2016, the trial court entered an order granting the emergency motion to stay the June 23 order granting judgment on the pleadings in order to allow the Autins to file the aforementioned motions. On July 1, 2016, the Autins filed a motion to intervene, a motion to alter or amend, and a motion to dismiss the In Rem Petition. On July 15, 2016, the trial court entered an order granting the Autins' motion to

---

[3]Although the Autins were not named as parties to the In Rem Petition, Goetz attached to the In Rem Petition a certificate of service indicating that it was served on counsel for the Autins.

[4]Around this time, Goetz filed yet another complaint against the Autins on June 3, 2016, again alleging abuse of process.

intervene and providing that the emergency stay would remain in effect pending further orders. After the motion to intervene was granted, the Autins filed a supplemental motion to alter or amend on July 21, 2016. Goetz also filed various responses and motions. During this period, he began to insist that the In Rem Petition he filed was "mislabeled" as an "independent action," and that it was actually a Rule 60.02 "motion," despite the fact that it was filed under a separate docket number and case style. Goetz also asserted that the trial court's June 23, 2016 order granting him judgment on the pleadings had become final when it was not appealed within thirty days, despite the trial court's June 29 order granting the emergency stay and the fact that within the thirty-day window, the Autins were granted permission to intervene and filed a motion to alter or amend.

On September 19, 2016, the trial court entered an order setting aside the June 23 order (that granted Goetz judgment on the pleadings) and dismissing the In Rem Petition with prejudice. The trial court noted that there was no opposition to the In Rem Petition at the time it granted Goetz's motion for judgment on the pleadings, which led the court to lift the seal in the 2010 case. The court acknowledged that its ruling occurred "because there was no opposition to the petition, and not necessarily because the petition had any merits that would have caused the Court to rule otherwise under different circumstances." The trial court concluded that its June 23 order granting Goetz judgment on the pleadings "allowed William Goetz to do something through the back door that it had denied to him on a motion just six months earlier." Citing the need to maintain consistency and ensure fair treatment of the parties, the court decided "to deny William Goetz here the same relief he requested via a different case and a different docket number" based on the doctrine of res judicata. The trial judge believed "wholeheartedly . . . that this case appears to have no terminal point." She added, "No case begs for finality more than this case. The cost to these parties thus far, for attorneys' fees, is simply unconscionable." Aside from the issue of res judicata, the trial court "[a]dditionally" concluded that Goetz's In Rem Petition was an independent action that required a summons and service on the Autins. For these reasons, the trial court, *sua sponte*, set aside its June 23 order granting judgment on the pleadings and dismissed the In Rem Petition with prejudice. The trial court dismissed all pending motions and petitions as moot. Goetz timely filed a notice of appeal on September 21, 2016.

While the appeal in this case was pending, another panel of this Court issued an opinion on February 22, 2017, resolving Goetz's appeal from the denial of his motion to modify the protective order filed in the original case. In the context of that appeal, Goetz raised the same substantive arguments that he made in his In Rem Petition that is the subject of this appeal. He argued that the trial court lacked jurisdiction to enter any order continuing or extending the protective order once the Autins filed their notice of nonsuit. *Autin v. Goetz*, No. W2016-00099-COA-R3-CV, 2017 WL 702494, at *1 (Tenn. Ct. App.

4

Feb. 22, 2017) (hereinafter, "*Autin II*"). Because this argument implicated the trial court's subject matter jurisdiction, we considered the argument notwithstanding Goetz's failure to raise the issue in his motion to modify filed in the trial court. *Id.* at *9.

At the outset, we rejected Goetz's assertion that dismissal of the original proceeding occurred instantaneously when the Autins delivered their notice of nonsuit. *Id.* at *12. Then, after a lengthy analysis of cases from other jurisdictions, we concluded that protective orders may be extended even after dismissal of an underlying action. *Id.* at *16. Based on these conclusions, we reasoned that a notice of nonsuit does not immediately divest the trial court of jurisdiction to enter further orders in the case, including orders of protection. *Id.* Applying these principles to the Autin-Goetz litigation, we concluded that the trial court retained jurisdiction to extend the protective order notwithstanding the Autins' choice to voluntarily dismiss their cause of action. *Id.* As such, we held that the trial court's March 9, 2012 order extending the protective order was not void on its face. *Id.* We noted that Goetz also attempted to raise additional arguments, suggesting that the March 9, 2012 order essentially granted the relief of a permanent injunction and improperly restricted his First Amendment free speech rights. *Id.* at *17. However, we explained that those arguments regarding the scope of the protective order did not implicate the trial court's subject matter jurisdiction and "would not render the protective order void." *Id.* Because Goetz's arguments on these points only sought to correct errors or irregularities committed by the trial court in the exercise of its jurisdiction, we concluded that he was required to address those alleged errors in a direct appeal of the trial court's order. *Id.* Because Goetz failed to file a notice of appeal of the March 9, 2012 order, the issues were beyond the scope of review.[5] *Id.*

We now turn to the issues raised in the instant appeal.

## II. ISSUES PRESENTED

Goetz filed his brief in this appeal on March 6, 2017, shortly after the *Autin II* decision was issued by this Court. Because the time for filing a petition to rehear or an application for permission to appeal had not yet expired, Goetz asserted in his brief that the decision in *Autin II* had "no force and effect," and he admittedly drafted his brief "the same as if those words in [*Autin II*] were never written." According to his brief, Goetz "consider[ed] the words of Judge Stafford [in *Autin II*] as nothing more than the 'opinion'

---

[5]Because the trial court had continuing jurisdiction to extend the protective order notwithstanding the Autins' nonsuit, we explained that the trial court also retained jurisdiction to consider Goetz's petition to modify the protective order. *Autin II*, 2017 WL 702494, at *18. We ultimately remanded for the trial court to consider whether modification of the protective order was warranted due to a change in circumstances, as the trial court had erroneously dismissed the petition to modify on the basis of res judicata despite the allegation of changed circumstances. *Id*

5

(lower case) of Judge Stafford, an opinion (lower case) agreed to by Judge Goldin and Judge McClarty but of no legal significance as law of any kind." His brief presented the following issues, as slightly reworded, for review in this appeal:

1.      Did the trial court lose subject matter jurisdiction to adjudicate additional matters when the June 23, 2016 order granting judgment on the pleadings was not appealed within thirty days;

2.      Does the *Autin II* opinion have any preclusive effect on the instant case; and

3.      Did the trial court commit reversible error in its *sua sponte* finding that it was necessary to serve summons on the Autins.

For the following reasons, we affirm the trial court's order and remand for further proceedings.

## III. DISCUSSION

At the outset, we address Goetz's contention that the trial court's June 23, 2016 order granting him judgment on the pleadings became final when no appeal was filed within thirty days. Within days of the June 23 order, the trial court entered its emergency stay of the order and granted permission for the Autins to intervene. The Autins timely filed a motion to alter or amend (and a supplemental motion) within thirty days of the June 23 order. We conclude that the Autins' timely motion to alter or amend tolled the time period for filing a notice of appeal of the June 23 order. *See Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003) (explaining that a timely filed motion to alter or amend tolls commencement of the thirty-day period until an order granting or denying the motion is entered) (citing Tenn. R. App. P. (4)(b)).[6]

---

[6]On appeal, Goetz vaguely asserted that the Autins' motion to alter or amend was insufficient to toll the thirty-day period for filing a notice of appeal for several reasons. First, he argued, without elaboration, that the Autins "waived any right the Autins otherwise would have had to complain about the June 23 Final Judgment at either the trial court or appell[ate] level." This unsupported assertion lacks the specificity required for us to consider the merit of his argument on appeal. Goetz fails to explain *how* the Autins allegedly waived their right to complain, and he fails to cite to the record or authority in support of his waiver argument. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010). Goetz also argued that the motion to alter or amend was "misnomered and, on investigation, does not have any of the attributes which are prerequires [sic] to tolling accrual of the 30-day window within which to appeal." Again, he fails to explain what essential prerequisites the motion to alter or amend allegedly lacked. In any event, we

6

We now turn to the merits of the case. For all of the parties' disputes over whether this Rule 60 proceeding should be construed as a motion or an independent action, or a proceeding in rem versus a proceeding in personam, it is easy to lose sight of the substantive issues that Goetz raised in his so-called In Rem Petition. Essentially, he asked the court to declare the March 9, 2012 order void ab initio on the basis that the trial court instantaneously lost jurisdiction to adjudicate any matters regarding the protective order at the moment that the Autins delivered their notice of nonsuit. Goetz argued that the protective order was null and void and in violation of his constitutional rights to free speech. This Court considered and rejected these very same arguments in *Autin II*. Not only did we address in general the effect of a nonsuit on the ability of a trial judge to extend a protective order, we specifically held that *the March 9, 2012 order entered in the original Autin-Goetz litigation is not void* for the very same reasons asserted by Goetz in this proceeding. For the reasons stated by this Court in *Autin II*, we again conclude that the March 9, 2012 order extending the protective order is not void for lack of subject matter jurisdiction.[7] *See* Tenn. R. Sup. Ct. 4(G)(1) ("An unpublished opinion shall be considered controlling authority between the parties to the case when relevant under the doctrines of the law of the case, res judicata, [and] collateral estoppel" and "for all other purposes shall be considered persuasive authority"); *Creech v. Addington*, 281 S.W.3d 363, 383 (Tenn. 2009) ("[U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal.").

We affirm the trial court's dismissal of the In Rem Petition. The issue raised regarding service of summons is pretermitted.

The Autins suggest that this appeal was frivolous and that it provides a basis for granting them their attorney's fees on appeal pursuant to Tennessee Code Annotated section 27-1-122. The statute provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. "A frivolous appeal is one that is devoid of merit or has no

discern no merit in his argument.
[7]We note that the time for filing a petition to rehear or application for permission to appeal has now passed, and neither was filed to challenge the decision in *Autin II*.

reasonable chance of success." *Selitsch v. Selitsch*, 492 S.W.3d 677, 690 (Tenn. Ct. App. 2015). "The decision to award damages for the filing of a frivolous appeal rests solely in the discretion of this Court." *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009).

Here, Goetz failed to present any cogent argument to support his assertion that the June 23 order granting him judgment on the pleadings became final. He also continued to pursue this appeal to re-assert the exact same arguments regarding the validity of the March 9, 2012 order that this Court had already rejected in *Autin II* and, by his own admission, proceeded "as if those words in [*Autin II*] were never written." Accordingly, we conclude that this appeal was frivolous and therefore an award of attorney's fees pursuant to section 27-1-122 is appropriate. The trial court should determine the amount of such award on remand.

## IV. CONCLUSION

For the aforementioned reasons, the decision of the trial court is hereby affirmed and remanded for further proceedings. Costs of this appeal are taxed to the appellant, William Goetz, and his surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE