IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 22, 2020

## COREY CLARK v. MONICA CLARK ET AL.

**Appeal from the Chancery Court for Wilson County**
**No. 2019-CV-89    Charles K. Smith, Chancellor**

_____

### No. M2020-01519-COA-R3-CV

_____

This is an appeal from an order entered on September 21, 2020, dismissing the husband's petition seeking to set aside a 2014 judgment. Because the husband did not file his notice of appeal within thirty days after entry of the order appealed, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, AND W. NEAL MCBRAYER, JJ

Corey D. Clark, Mount Juliet, Tennessee, pro se

Abby Rose Rubenfeld, Nashville, Tennessee, for the appellees, Monica Clark, and Abby Rose Rubenfeld.

### MEMORANDUM OPINION[1]

In January of 2014, Corey Clark ("Husband") filed a complaint for divorce against Monica Clark ("Wife") in the Chancery Court for Wilson County. On April 23, 2014, the chancery court dismissed the complaint for lack of jurisdiction. The parties were

---

[1]Tenn. R. Ct. App. 10 states:
This court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

subsequently divorced by a court in Arizona. On March 19, 2019, Husband filed a petition seeking to set aside the April 23, 2014 dismissal order and reinstate the Tennessee divorce action. The trial court dismissed Husband's petition on September 21, 2020. Husband filed a notice of appeal with the clerk of this Court on November 3, 2020. Wife has moved to dismiss the appeal as untimely.

Rule 4(a) of the Tennessee Rules of Appellate Procedure requires that a notice of appeal be filed with the clerk of the appellate court within thirty days after entry of the judgment appealed. Here, Husband did not file his notice of appeal until forty-three days after entry of the judgment appealed. The thirty day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). The failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008).

Husband asserts that he did not receive a copy of the September 21, 2020 order until September 25, 2020. However, the time for filing a notice of appeal runs from the date the order is entered, not from the date the order is received. Tenn. R. App. P. 4(a). Even if the time for filing the notice of appeal ran from September 25, 2020, Husband's notice of appeal would still be more than a week late.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Corey D. Clark is taxed with the costs for which execution may issue.

PER CURIAM