IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 28, 2017 Session

## RITA GOINS v. EUGENE LAWSON, ET AL.

**Appeal from the Circuit Court for Campbell County**
**No. 2013-CV-15480     Don R. Ash, Judge**

---

### No. E2016-01406-COA-R3-CV

---

Rita Goins ("Plaintiff") appeals the May 9, 2016 order of the Circuit Court for Campbell County ("the Trial Court") dismissing her case. Plaintiff's notice of appeal was filed on July 8, 2016, more than thirty days from the date of entry of the May 9, 2016 final order. As the notice of appeal was not filed timely, we are constrained to dismiss this appeal for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and W. NEAL MCBRAYER, JJ., joined.

David H. Dunaway and Rick A. Owens, LaFollette, Tennessee, for the appellant, Rita Goins.

G. Gerard Jabaley and Rebecca Brake Murray, Knoxville, Tennessee, for the appellee, Eugene Lawson.

Arthur F. Knight, III, Knoxville, Tennessee, for the appellee, Campbell County Board of Education.

**OPINION**

Plaintiff sued Eugene Lawson ("Lawson") and the Campbell County Board of Education ("Board of Education") alleging several causes of action including intentional infliction of emotional distress and tortious interference with an employment relationship. By order entered on May 9, 2016, the Trial Court granted Lawson's motion to dismiss as to the claims for intentional infliction of emotional distress and violation of Tenn. Code Ann. §§ 39-16-402 and 39-16-403, granted motions for summary judgment filed by both Lawson and the Board of Education as to the remaining claims, and dismissed the case.

Lawson then filed a motion for discretionary costs. The Board of Education filed a motion for sanctions against Plaintiff claiming Plaintiff's cause of action under Tenn. Code Ann. § 50-1-310 was frivolous and also filed a motion for discretionary costs. By order entered June 20, 2016, the Trial Court granted both motions for discretionary costs and denied the motion for sanctions. Plaintiff filed her notice of appeal on July 8, 2016.

Tennessee Rule of Appellate Procedure 4 provides that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). Pursuant to Tenn. R. App. P. 2 this Court may not waive the procedural defect. Tenn. R. App. P. 2.

As our Supreme Court has explained:

> The date of entry of a final judgment in a civil case triggers the commencement of the thirty-day period in which a party aggrieved by the final judgment must file either a post-trial motion or a notice of an appeal. *See* Tenn. R. Civ. P. 59.02;[1] Tenn. R. App. P. 4(a)-(b).[2] If timely, certain post-trial motions, such as Defendants' motion to alter or amend, will toll commencement of the thirty-day period for filing a notice of appeal until the trial court enters an order granting or denying the motion. Tenn. R.

---

[1] Rule 59.02 of the Tennessee Rules of Civil Procedure states: "A motion for new trial and all other motions permitted under this rule shall be filed and served within 30 days after judgment has been entered in accordance with Rule 58."

[2] Rule 4(a) of the Tennessee Rules of Appellate Procedure provides that the notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Rule 4(b) provides that if a party to a civil action files one of several enumerated post-trial motions, "the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion."

App. P. 4(b); *see Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). If a post-trial motion is not timely, the trial court lacks jurisdiction to rule on the motion. *See Binkley*, 117 S.W.3d at 255. Similarly, if the notice of appeal is untimely, the Court of Appeals lacks subject matter jurisdiction over the appeal. *Id*.; *see also* Tenn. R. App. P. 2 (stating that appellate courts may not suspend the thirty-day time period for filing a notice of appeal).

*Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009) (footnotes in original but renumbered).

With regard to motions that toll the time for filing a notice of appeal, Rule 4(b) provides:

In a civil action, if a timely motion under the Tennessee Rules of Civil Procedure is filed in the trial court by any party: (1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.07 for a new trial; (4) under Rule 59.04 to alter or amend the judgment; the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.

Tenn. R. App. P. 4(b).

In the case now before us, both Lawson and the Board of Education filed motions for discretionary costs, and the Board of Education also filed a motion for sanctions.[3] Neither a motion for discretionary costs nor a motion for sanctions, however, is among the motions which would extend the time for filing a notice of appeal pursuant to Tenn. R. App. P. 4(b).[4] The 1995 Advisory Commission Comments to Tenn. R. App. P. 4

---

[3] Plaintiff argued that the Board of Education "requested sanctions as additional findings of fact under Rule 52.02 of the Tennessee Rules of Civil Procedure" and asserted that due to this request the time for filing a notice of appeal was tolled. A careful and thorough review of the Board of Educations' motion for sanctions, however, reveals that the Board of Education did not request additional findings of fact. Rather, the Board of Education requested sanctions based upon the detailed and specific findings of fact made by the Trial Court and clearly set forth in its May 9, 2016 order. The Board of Education's motion for sanctions did not request new or additional findings of fact.

[4] We note that Plaintiff's brief on appeal raises issues pertaining solely to the May 9, 2016 final order. Plaintiff raises no issues with regard to the Trial Court's June 20, 2016 order on the motions for discretionary costs and the motion for sanctions. Furthermore, neither of the other parties to this case raised any issues on appeal with regard to the June 20, 2016 order on the motions for discretionary costs and the motion for sanctions.

specifically states: "This is an amendment to conform Appellate Rule 4 to Civil Rule 59. A motion for discretionary costs does not toll the time for filing a notice of appeal." Tenn. R. App. P. 4 Advisory Commission Cmt. to 1995 amend.

The final order in the case now before us was entered on May 9, 2016. Plaintiff did not file her notice of appeal until July 8, 2016, more than thirty days after entry of the final order. As Plaintiff's notice of appeal was filed untimely, this Court lacks jurisdiction to consider the appeal. We, therefore, dismiss this appeal for lack of jurisdiction. The costs on appeal are assessed against the appellant, Rita Goins, and her surety.

_____
D. MICHAEL SWINEY, CHIEF JUDGE