FILED

04/09/2018

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 5, 2018 Session

## MICHAEL BRANDON ADAMS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hickman County**
**No. 16-CV-69     James G. Martin, III, Judge**

_____

**No. M2018-00606-COA-R3-CV**

_____

This is an appeal from an order entered on February 5, 2018, dismissing the appellant's Petition for Writ for Habeas Corpus ad Testificandum. The appellant filed his notice of appeal on April 2, 2018, together with a motion to accept a late notice of appeal. Because the thirty day time limit for filing a notice of appeal is jurisdictional in civil cases and cannot be waived, we deny the appellant's motion and dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ANDY D. BENNETT, J., RICHARD H. DINKINS, J., and W. NEAL MCBRAYER, J.

Michael Brandon Adams, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and M. Todd Ridley, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee.

# MEMORANDUM OPINION[1]

On April 2, 2018, Michael Brandon Adams, an inmate in the custody of the Department of Corrections, filed a notice of appeal from an order entered by the Circuit Court for Hickman County on February 5, 2018, dismissing his Petition for Writ for Habeas Corpus ad Testificandum.  On the same date, Mr. Adams filed a motion asking this court to waive the late filing of his notice of appeal.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with the clerk of this court within thirty (30) days after entry of the judgment appealed. Mr. Adams concedes his notice of appeal was untimely but asserts that the delay was beyond his control and that the court should waive the late filing "in the interest of justice" under Tenn. R. App. P. 4(a). Tenn. R. App. P. 4(a) permits waiver of the thirty (30) day time limit only in criminal cases, and this appears to be a civil matter. Mr. Adams has appealed to this court, and it does not appear the Court of Criminal Appeals would have jurisdiction over the matter.  Tenn. R. App. P. 3; Tenn. Code Ann. § 16-5-108(a).  In civil cases, the time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985).

The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.  The motion to waive the late filing is denied, and the appeal is dismissed.  The costs are taxed to Michael Brandon Adams for which execution may issue.

PER CURIAM

---

[1]Tenn. R. Ct. App. 10 states:
This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.