IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 10, 2020

## JACQUELINE GRAYBILL MCSURLEY v. MICHAEL GLEN MCSURLEY

**Appeal from the Circuit Court for Davidson County**
**No. 18D48    Phillip R. Robinson, Judge**

_____

### No. M2019-02016-COA-R3-CV
_____

This appeal arises out of a Final Decree of Divorce entered on June 19, 2019, and the denial of the husband's post-judgment motions. Because the husband did not file his notice of appeal within the time required by Tenn. R. App. P. 4, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and RICHARD H. DINKINS, JJ.

Michael G. McSurley, Nashville, Tennessee, pro se.

Jacqueline Michelle Graybill McSurley, Franklin, Tennessee, pro se.

**MEMORANDUM OPINION**[1]

The trial court entered a Final Decree of Divorce approving the parties' Marital Dissolution Agreement on June 19, 2019. The husband, Michael G. McSurley ("Husband"), subsequently discharged his attorney and filed a pro se "Motion for Post-Trial Rule 59/60" on August 6, 2019. The trial court denied the motion on September 12, 2019. Later on the same date, Husband filed a motion to recuse the trial judge. The trial court denied the motion to recuse on October 17, 2019. Husband filed his notice of appeal to this Court on November 13, 2019.

---

[1]Tenn. R. Ct. App. 10 states:
This court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed within thirty (30) days after entry of the judgement appealed. If one of the post-judgment motions listed in Tenn. R. App. P. 4(b) and Tenn. R. Civ. P. 59.01 is timely filed, the time for filing the notice of appeal will run from the date of entry of the order granting or denying the motion. However, the Tenn. R. Civ. P. 59 motion must be filed within thirty days after entry of the judgment, and an untimely Tenn. R. Civ. P. 59 motion will not extend the time for filing a notice of appeal.

The trial court entered the Final Decree of Divorce on June 19, 2019. Husband filed neither a notice of appeal nor a Tenn. R. Civ. P. 59 motion within thirty days after entry of the divorce decree. Although Husband's August 6, 2019 motion seeks relief under Tenn. R. Civ. P. 59, it was not filed within thirty days of the divorce decree and thus did not extend the time for filing an appeal of the divorce decree. The divorce decree became final and unappealable on July 19, 2019.

Husband's August 6, 2019 motion also seeks relief under Tenn. R. Civ. P. 60. Although the motion was timely filed under Tenn. R. Civ. P. 60, a Tenn. R. Civ. P. 60 motion is not one of the motions listed in Tenn. R. App. P. 4(b). Thus, the motion did not extend the time for filing a notice of appeal from the divorce decree. Although Husband could have appealed the denial of his Tenn. R. Civ. P. 60 motion, any notice of appeal had to be filed within thirty days after entry of the denial order. [2] Tenn. R. App. P. 4. Husband filed neither a timely notice of appeal nor a Tenn. R. Civ. P. 59 motion. Thus, like the Final Decree of Divorce, the September 12, 2019 order became final and unappealable.

We recognize that Husband filed a motion to recuse on September 12, 2019. However, the motion to recuse had no effect on the time limit for filing an appeal of either the June 19, 2019 Final Decree of Divorce or the September 12, 2019 order denying the Tenn. R. Civ. P. 60 motion. A motion to recuse is not one of the motions listed in Tenn. R. App. P. 4(b) and does not extend the time for filing a notice of appeal. Moreover, because there was no active case pending before the trial court, the motion was moot. As the trial court acknowledged in its October 17, 2019 order, both the Final Decree of Divorce and the September 12, 2019 order have become final, and the motion to recuse can no longer serve as a means to provide judicial relief to Husband.

The thirty day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184

---

[2] Even if Husband has filed a timely notice of appeal, the only issue on appeal would have been whether relief should have been granted under Tenn. R. Civ. P. 60.

(Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Michael G. McSurley is taxed with the costs for which execution may issue.

PER CURIAM