IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 3, 2021

**SHAHNAZ POURSAIED v. STATE OF TENNESSEE**

**Appeal from the Tennessee Claims Commission**
**No. T20210248-1          James A. Haltom, Commissioner**
_____

**No. M2021-00693-COA-R3-CV**
_____

The claimant has appealed from the dismissal of her claims against the State of Tennessee. Because the claimant did not file her notice of appeal with the clerk of this Court within the time permitted by Tennessee Rule of Appellate Procedure 4(a), we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

Shahnaz Poursaied, Huntsville, Alabama, pro se.

Mary Elizabeth McCullohs, Nashville, Tennessee, for the appellee, State of Tennessee.

**MEMORANDUM OPINION[1]**

Shahnaz Poursaied, a registered nurse, filed a claim in the Tennessee Claims Commission seeking compensation under various federal statutes for damages related to the revocation of her nursing license. The State filed a motion to dismiss the claim under Tennessee Rule of Civil Procedure 12.02. On May 12, 2021, the Claims Commission entered a final judgment granting the State's motion and dismissing the claim. Ms. Poursaied attempted to file a notice of appeal with the clerk of the Claims Commission on June 8, 2021. The clerk of the Claims Commission did not file the notice but rather notified Ms. Poursaied that the notice must be filed with the clerk of this Court. Ms. Poursaied filed

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

her notice of appeal with the clerk of this Court on June 21, 2021.

Tennessee Rule of Appellate Procedure 4(a) requires that a notice of appeal be filed with the clerk of the appellate court within thirty days after entry of the judgment appealed. Ms. Poursaied did not file her notice of appeal with the clerk of this Court until forty days after entry of the judgment. We recognize that Ms. Poursaied attempted to file a notice of appeal with the clerk of the Claims Commission within the thirty day period. However, Rule 4(a) requires a notice of appeal to be filed with the clerk of this Court. A notice of appeal tendered to the clerk of the Claims Commission is a nullity and does not initiate an appeal as of right. Likewise, the attempted filing with the clerk of the Claims Commission did not extend the time for filing a notice of appeal with the clerk of this Court.[2]

The thirty day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). Ms. Poursaied's failure to file a timely notice of appeal with the clerk of this Court deprives this Court of jurisdiction to hear the matter. *Flautt & Mann,* 285 S.W.3d at 869.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The case is remanded to the Claims Commission for further proceedings consistent with this opinion. Shahnaz Poursaied is taxed with the costs for which execution may issue.

PER CURIAM

---

[2] The 2017 amendment to Rule 4(a) included a one-year transitional provision providing additional time to parties who mistakenly filed a notice of appeal with the trial court clerk, but that transitional provision expired in 2018.