IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 28, 2022

**FORD MOTOR CREDIT COMP, LLC d/b/a LINCOLN AUTOMOTIVE
FINANCIAL SERVICES v. MARJORI MALONE ET AL.**

**Appeal from the Circuit Court for Williamson County**
**No. 21-CV-423      James G. Martin, III, Judge**

_____

**No. M2022-01182-COA-R3-CV**

_____

The defendants have appealed from an order entered on July 25, 2022. Because the defendants did not file their notice of appeal within thirty days after entry of the order as required by Tennessee Rule of Appellate Procedure 4(a), we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ANDY D. BENNETT, W. NEAL MCBRAYER, and JEFFREY USMAN, JJ.

John Benneth Iwu, Antioch, Tennessee, for the appellants, Marjori Malone and Calvin Malone.

Charles D. Waller, Knoxville, Tennessee, for the appellee, Ford Motor Credit Company.

**MEMORANDUM OPINION[1]**

        The appellee, Ford Motor Credit Company ("Ford"), has moved to dismiss this appeal as untimely. The appellants, Calvin Malone and Marjori Malone ("the Malones"), have not filed a response in opposition to the motion to dismiss.

        The appeal arises out of a dispute over automobile financing. On August 5, 2022, the trial court granted Ford's motion for summary judgment. The Malones then filed a

_____

        [1]Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." TENN. CT. APP. R. 10.

timely motion to alter or amend under Tennessee Rule of Civil Procedure 59.04.[2] The trial court denied the Malones' Rule 59.04 motion on July 25, 2022. The Malones filed their notice of appeal on August 25, 2022.

Tennessee Rule of Appellate Procedure 4(a) requires that a notice of appeal be filed with the clerk of the appellate court within thirty days after entry of the judgment appealed. If a Rule 59.04 motion to alter or amend is timely filed, the time for filing the notice of appeal will run from the date of entry of the order granting or denying the motion. Tenn. R. App. P. 4(b). Thus, the Malones were required to file their notice of appeal by August 24, 2022, thirty days after entry of the order denying their Rule 59.04 motion to alter or amend. The Malones did not file their notice of appeal until August 25, 2022, one day late.

The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 n.1 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt & Mann*, 285 S.W.3d at 869 n.1.

The appeal is dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Calvin Malone and Marjori Malone are taxed with the costs for which execution may issue.

PER CURIAM

---

[2] The motion was styled "Motion to Reconsider, Amend or Alter Plaintiffs Motion for Summary Judgment Granted on April 5, 2022," but the trial court treated the motion as a Rule 59.04 motion to alter or amend.