IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 29, 2024

**THOMAS KAMINSKI v. TENNESSEE BUREAU OF INVESTIGATION**

**Appeal from the Chancery Court for Davidson County**
**No. 23-0087-III      I'Ashea L. Myles, Chancellor**
———————————————————

**No. M2024-00291-COA-R3-CV**
———————————————————

This is an appeal from a final order affirming the Tennessee Bureau of Investigation's denial of a request for termination of registration on the Sex Offender Registry. Because the appellant did not file his notice of appeal with the clerk of the appellate court within thirty days after entry of the final judgment as required by Tennessee Rule of Appellate Procedure 4(a), we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and JEFFREY USMAN, JJ.

Thomas Kaminski, Millport, New York, Pro Se.

Elizabeth Helen Evan, Nashville, Tennessee, for the appellee, Tennessee Bureau of Investigation.

**MEMORANDUM OPINION**[1]

This appeal arises out of a petition filed by Thomas Kaminski seeking review of a decision of the Tennessee Bureau of Investigation ("TBI") to deny his request for termination of his registration on the Sex Offender Registry. The petition also included "original action claims" that were not before the TBI. On November 14, 2023, the trial

---

[1]A case designated as a memorandum opinion "shall not be published, and shall not be cited or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

court entered a Final Order and Memorandum affirming the TBI's decision and dismissing, without prejudice, the original action claims.

The appellant first attempted to appeal the trial court's final order by filing a notice of appeal with the trial court clerk. The trial court clerk returned the notice of appeal and notified the appellant that the notice of appeal must be filed with the Appellate Court Clerk. The appellant asserts he then mailed a notice of appeal to the Appellate Court Clerk the next day, but that he "apparently" sent it to the wrong address. The Appellate Court Clerk finally received a notice of appeal on February 20, 2024. The envelope indicates the notice was sent by certified mail on February 14, 2024, and the notice will be treated as filed as of that date under Tennessee Rule of Appellate Procedure 20(a).

Rule 4(a) of the Tennessee Rules of Appellate Procedure requires that a notice of appeal be filed with the Appellate Court Clerk within thirty days after entry of the judgment appealed. Mr. Kaminski did not file his notice of appeal with the Appellate Court Clerk until ninety-two days after entry of the judgment appealed. We recognize that Mr. Kaminski first attempted to file his notice of appeal with the clerk of the trial court. However, under Rule 4(a), the notice of appeal must be filed with the clerk of the appellate court. A notice of appeal filed with the trial court clerk is a nullity and does not initiate an appeal as of right or extend the time for filing a notice of appeal in this Court.[2] Likewise, Mr. Kaminski's assertion that he attempted to file a notice of appeal earlier but mailed it to the wrong address does not save his appeal. Mr. Kaminski presents no proof that he attempted a timely mailing. In any event, mailing a notice of appeal to the wrong address does not constitute a timely filing under Rule 20(a).

The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 at n.1 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal with the Appellate Court Clerk deprives this Court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d at 869 at n.1.

The appeal is dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Thomas Kaminski is taxed with the costs for which execution may issue.

PER CURIAM

---

[2] While the 2017 amendment to Rule 4(a) included a one-year transitional provision providing additional time to parties who mistakenly filed a notice of appeal with the trial court clerk, that transitional provision expired in 2018.