FILED
06/06/2024
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 4, 2024

## TEONNIA SYKES v. BRISTOL PARK AT RIVERCHASE

**Appeal from the Circuit Court for Davidson County**
**No. 23C2026    Joseph P. Binkley, Jr., Judge**
_____

**No. M2024-00706-COA-R3-CV**
_____

The plaintiff appeals the dismissal of her complaint against her former landlord. Because the plaintiff did not file her notice of appeal within thirty days after entry of the dismissal order as required by Tennessee Rule of Appellate Procedure 4(a), we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ANDY D. BENNETT, W. NEAL MCBRAYER, and JEFFREY USMAN, JJ.

Teonnia Sykes, Nashville, Tennessee, pro se.

Ashley Norton Gold, Nashville, Tennessee, for the appellee, Bristol Park at Riverchase.

**MEMORANDUM OPINION**[1]

Teonnia Sykes has filed a notice of appeal from an order dismissing her complaint against her former landlord based on the doctrine of *res judicata* and the statute of limitations. The landlord, Bristol Park at Riverchase ("Bristol Park"), has moved to dismiss the appeal as untimely.

Tennessee Rule of Appellate Procedure 4(a) requires that a notice of appeal be filed with the clerk of the appellate court within thirty days after entry of the judgment appealed. The trial court entered its dismissal order on April 12, 2024. Ms. Sykes did not file her notice of appeal until May 14, 2024, thirty-two days after entry of the dismissal order. In response to Bristol Park's motion to dismiss, Ms. Sykes argues the merits of her underlying action, but does not dispute that her notice of appeal was filed more than thirty days after entry of the final judgment.

_____

[1] Under Tennessee Court of Appeals Rule 10, a case decided by memorandum opinion shall not be published and shall not be cited or relied on for any reason in any unrelated case.

The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. TENN. RS. APP. P. 2, 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 n.1 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt & Mann*, 285 S.W.3d at 869 n.1.

The appeal is dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Ms. Sykes is taxed with the costs for which execution may issue.

PER CURIAM