IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 5, 2025

## JOLENE RENEE SCHOLL v. MICHAEL RAY SCHOLL

**Appeal from the Chancery Court for Montgomery County**
**No. MC-CH-CV-DI-23-377        Ben Dean, Chancellor**

_____

**No. M2025-00314-COA-R3-CV**

_____

This is an appeal from a final judgment entered on December 10, 2024. The appellant filed his notice of appeal with the appellate court clerk on March 3, 2025, together with a Motion to Accept Late Filing. Because the thirty-day time limit for filing a notice of appeal with the appellate court clerk is jurisdictional and cannot be waived, we deny the Motion to Accept Late Filing and dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ANDY D. BENNETT, W. NEAL MCBRAYER, and JEFFREY USMAN, JJ.

Amy Bates, Clarksville, Tennessee, for the appellant, Michael Ray Scholl.

Alexa Marie Spata, Gallatin, Tennessee, for the appellee, Jolene Renee Scholl.

### MEMORANDUM OPINION[1]

The trial court entered its final judgment on December 10, 2024, and Michael Ray Scholl elected to appeal.[2] Mr. Scholl's counsel prepared a notice of appeal on December 18, 2024. However, a paralegal in counsel's office mistakenly filed the notice of appeal with the trial court clerk rather than the Appellate Court Clerk. The trial court clerk did not inform counsel of the mistake, and counsel proceeded as though the appeal was properly filed. After discovering the error, counsel finally filed a notice of appeal with the Appellate Court Clerk on March 3, 2025. On the same date, counsel filed a Motion to Accept Late Filing.

---

[1] A case designated as a memorandum opinion "shall not be published, and shall not be cited or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

[2] The limited documents before this Court do not specify the nature of the final judgment.

Rule 4(a) of the Tennessee Rules of Appellate Procedure requires that a notice of appeal be filed with the Appellate Court Clerk within thirty days after entry of the judgment appealed. Mr. Scholl did not file his notice of appeal with the Appellate Court Clerk until eighty-three days after entry of the judgment appealed. Further, Mr. Scholl's filing of the notice of appeal with the trial court clerk does not save the appeal. Under Rule 4(a), the notice of appeal must be filed with the Appellate Court Clerk. A notice of appeal filed with the trial court clerk is a nullity and does not initiate an appeal as of right or extend the time for filing a notice of appeal in this Court.[3]

In his Motion to Accept Late Filing, Mr. Scholl contends that his counsel acted in good faith in filing the notice of appeal with the trial court clerk and that there has been no prejudice to the appellee. However, the time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 n.1 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985).

Mr. Scholl's failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt*, 285 S.W.3d at 869 n.1. The Motion to Accept Late Filing is denied, and the appeal is dismissed. Michael Ray Scholl is taxed with the costs for which execution may issue.

PER CURIAM

---

[3] While the 2017 amendment to Rule 4(a) included a one-year transitional provision providing additional time to parties who mistakenly filed a notice of appeal with the trial court clerk, that transitional provision expired in 2018.