FILED
04/22/2025
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 21, 2025

**IN RE ESTATE OF DOROTHY ANN BRITTON**

**Appeal from the Chancery Court for Giles County**
**No. P-2294-23      M. Caleb Bayless, Judge**

———————————————————

**No. M2025-00196-COA-R3-CV**

———————————————————

This appeal involves of the administration of an estate. Because the appellant did not file his notice of appeal within thirty days after entry of the final order closing the estate as required by Tennessee Rule of Appellate Procedure 4(a), we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and JEFFREY USMAN, JJ.

Eric Britton, Pulaski, Tennessee, pro se.

Timothy P. Underwood and Robert C. Henry, Pulaski, Tennessee, for the appellee, Estate of Dorothy Ann Britton.

Roderick Myles, Pulaski, Tennessee, pro se.

Cedric Myles, Huntingdon, Tennessee, pro se.

**MEMORANDUM OPINION**[1]

Eric Britton has filed a notice of appeal challenging several aspects of the administration of his mother's estate. The Estate has moved to dismiss the appeal as untimely. The trial court entered its final order closing the estate on July 24, 2024.

---

[1] Under Tennessee Court of Appeals Rule 10, a case decided by memorandum opinion shall not be published and shall not be cited or relied on for any reason in any unrelated case.

Tennessee Rule of Appellate Procedure 4(a) requires that a notice of appeal be filed with the clerk of the appellate court within thirty days after entry of the judgment appealed. Mr. Britton did not file his notice of appeal until February 6, 2025, more than six months after entry of the order closing the estate. Mr. Britton has filed a response to the motion to dismiss alleging several errors in the proceedings in the trial court. However, the response does not dispute that the trial court entered its final judgment more than thirty days before Mr. Britton filed his notice of appeal.

The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 n.1 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt & Mann*, 285 S.W.3d at 869 n.1.

The appeal is dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Eric Britton is taxed with the costs for which execution may issue.

PER CURIAM