IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 23, 2026

## LISA LEANN LINDER v. GARRY PHILLIP LINDER

**Appeal from the Chancery Court for Montgomery County**
**No. MC-CH-CV-DI-23-288      Ben Dean, Chancellor**

———————————————————

**No. M2026-00048-COA-R3-CV**

———————————————————

A husband appeals from a Final Order of Absolute Divorce.  Because the husband did not file his notice of appeal with the Appellate Court Clerk within thirty days after entry of the final order as required by Tennessee Rule of Appellate Procedure 4(a), we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., C.J., W. NEAL MCBRAYER, and JEFFREY USMAN, JJ.

Garry Phillip Linder, Davenport, Florida, pro se.

Lisa Leann Linder, pro se.

**MEMORANDUM OPINION**[1]

This appeal arises out of a Final Order of Absolute Divorce entered by the Chancery Court for Montgomery County on December 2, 2025. The husband, Garry Phillip Linder, first attempted to appeal the Final Order by filing a notice of appeal with the Clerk and Master of the Chancery Court on January 1, 2026. On January 5, 2026, the Clerk and Master informed Mr. Linder that the notice of appeal needed to be filed in the Court of Appeals. Mr. Linder filed his notice of appeal with the Appellate Court Clerk on January 6, 2026.

---

[1]A case designated as a memorandum opinion "shall not be published, and shall not be cited or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

Rule 4(a) of the Tennessee Rules of Appellate Procedure requires that a notice of appeal be filed with the Appellate Court Clerk within thirty days after entry of the judgment appealed. Mr. Linder did not file his notice of appeal with the Appellate Court Clerk until thirty-five days after entry of the judgment. Mr. Linder relies on the notice he filed with the trial court clerk on January 1, 2026. However, Rule 4(a) requires the notice of appeal to be filed with the Appellate Court Clerk. A notice of appeal filed with the trial court clerk is a nullity and does not initiate an appeal as of right or extend the time for filing a notice of appeal in this Court.[2]

Mr. Linder also requests leniency from this Court based on his pro se status and his attempted filing of the notice of appeal with the trial court clerk. However, the time limit for filing a notice of appeal with the Appellate Court Clerk is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 at n.1 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). Mr. Linder's failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d at 869 at n.1.

The appeal is dismissed for lack of appellate jurisdiction. Mr. Linder is taxed with the costs for which execution may issue.

PER CURIAM

---

[2] While the 2017 amendment to Rule 4(a) included a one-year transitional provision providing additional time to parties who mistakenly filed a notice of appeal with the trial court clerk, that transitional provision expired in 2018.