IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 5, 2026

## LEGENDS BANK v. SAMSON ORUSA ET AL.

**Appeal from the Chancery Court for Montgomery County**
**No. MCCHCVMG2431    Kimberly Lund, Chancellor**

_____

### No. M2026-00233-COA-R3-CV

_____

This is an appeal from an order denying a motion to reconsider. Because the appellant did not file his notice of appeal with the Clerk of the Appellate Court within thirty days after entry of the order as required by Rule 4(a) of the Tennessee Rules of Appellate Procedure, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., C.J., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

Samson Kanla Orusa, White Deer, Pennsylvania, pro se.

Jonathan Skrmetti, Attorney General and Reporter, and Allen T. Martin, Assistant Attorney General, Tennessee, for the appellee, Tennessee Department of Revenue.

Michael Kenneth Williamson, Clarksville, Tennessee, for the appellee, Legends Bank.

Abigail O. Orusa, Clarksville, Tennessee, pro se.

Fortera Federal Credit Union, Clarksville, Tennessee, no counsel of record.

Internal Revenue Service, no counsel of record.

### MEMORANDUM OPINION[1]

Samson Orusa has filed a notice of appeal from an order entered on November 10, 2025, denying his Motion to Reconsider Final Order. Rule 4(a) of the Tennessee Rules of

_____

[1]A case designated as a memorandum opinion "shall not be published, and shall not be cited or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

Appellate Procedure requires that a notice of appeal be filed with the Appellate Court Clerk within thirty (30) days after entry of the judgment appealed. Mr. Orusa did not file his notice of appeal with the Appellate Court Clerk until February 2, 2026, eighty-four (84) days after entry of the order appealed.

We recognize that Mr. Orusa first attempted to file his notice of appeal with the clerk of the trial court. However, under Rule 4(a), the notice of appeal must be filed with the Appellate Court Clerk. A notice of appeal filed with the trial court clerk is a nullity. It does not initiate an appeal as of right or extend the time for filing a notice of appeal in this Court.[2]

The thirty-day time limit for filing a notice of appeal with the Appellate Court Clerk is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 at n.1 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal with the Appellate Court Clerk deprives this Court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d at 869 at n.1.

The appeal is dismissed for failure to file a timely notice of appeal. Mr. Orusa is taxed with the costs for which execution may issue.

PER CURIAM

---

[2] While the 2017 amendment to Rule 4(a) included a one-year transitional provision providing additional time to parties who mistakenly filed a notice of appeal with the trial court clerk, that transitional provision expired in 2018.