IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 10, 2026

## STOCKTON ENTERPRISES, INC. d/b/a ACCUWORKS v. LAMONT BELL ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 21-0988-I          Patricia Head Moskal, Chancellor**

_____

**No. M2026-00061-COA-R3-CV**

_____

Defendants appeal from a final judgment in a dispute over a construction contract. Because the defendants did not file their notice of appeal within thirty days after entry of the final judgment as required by Tennessee Rule of Appellate Procedure 4(a), we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., C.J., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

Chelsey Ann Stevenson, Nashville, Tennessee, for the appellants, Lamont Bell and Luquetta Bell.

J. Cole Dowsley, Jr., Nashville, Tennessee, for the appellee, Stockton Enterprises, Inc.

This appeal involves a dispute over two construction contracts to repair a home after it was severely damaged by a tornado in 2020. In April of 2025, the trial court awarded Plaintiff Stockton Enterprises, Inc., d/b/a AccuWorks ("AccuWorks") a $76,545.69 judgment against Defendants Lamont Bell and Luquetta Bell and dismissed Mr. and Mrs. Bells' counterclaims. The trial court also granted AccuWorks' request for an award of attorney fees and directed AccuWorks' counsel to submit a separate application for fees. On December 11, 2025, the trial court entered an Order on Plaintiff's Fee Application awarding AccuWorks attorney's fees in the amount of $50,200.20. Mr. and Mrs. Bell filed their notice of appeal on January 13, 2026. Accuworks has moved to dismiss the appeal as untimely.

Tennessee Rule of Appellate Procedure 4(a) requires that a notice of appeal be filed with the clerk of the appellate court within thirty (30) days after entry of the judgment appealed. The trial court entered its final judgment on December 11, 2025. Mr. and Mrs. Bell did not file their notice of appeal until January 13, 2026, thirty-three (33) days after entry of the final judgment.[1]

The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 n.1 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt & Mann*, 285 S.W.3d at 869 n.1.

Accuworks also moves for an award of attorney's fees under Tennessee Code Annotated § 27-1-122. Tennessee Code Annotated § 27-1-122 permits this Court to award damages, including attorney's fees, when it appears an appeal is frivolous or taken solely for delay. Although the appeal was filed three days late, we do not find the appeal to be frivolous or taken solely for delay.

The appeal is dismissed for lack of appellate jurisdiction. The request for attorney's fees under Tennessee Code Annotated § 27-1-122 is denied. Mr. and Mrs. Bell are taxed with the costs for which execution may issue.

PER CURIAM

---

[1] The trial court also entered an order taxing the costs on December 12, 2025. The omission of a provision taxing costs in the December 11, 2025 order did not prevent the December 11, 2025 order from being a final judgment from which the time for filing the notice of appeal ran. However, even if the time for filing the notice of appeal ran from entry of the December 12, 2025 order, the notice of appeal would still be untimely.